**Alma GIANNINI, Plaintiff,**

v.

**The CITY OF NEW YORK, Frank J. Cuilla, Paul A. Lizio, Detective Donaldson, Joseph G. Pirrello, Philip Sauerman, John Doe, Richard Roe, Howard Hoe, and the New York City Police Department, Defendants.**

Nos. 83 Civ. 6773 (JES), 84 Civ. 8415 (JES).

United States District Court, S.D. New York.

Nov. 28, 1988.

Richard R. Wissler, Freeport, N.Y., for plaintiff.

Peter L. Zimroth, Corp. Counsel of the City of New York, New York City (George Gutwirth, Paul Marks, Asst. Corp. Counsels, of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Alma Giannini brings this action pursuant to 42 U.S.C. § 1983 (1982) alleging that officers of the New York City Police Department violated her Fourteenth Amendment rights in the course of effecting her arrest and conducting a search of her residence. In addition, plaintiff alleges that defendants engaged in a conspiracy to convict her in violation of her rights under the Fourteenth Amendment.

Plaintiff has moved pursuant to Fed.R. Civ.P. 15(c) to amend her complaint to add additional defendants and to relate the amendment back to her original complaint.[1] Defendants oppose the motion to relate back, and have cross-moved to dismiss all but one of plaintiff's claims. For the reasons set forth below, plaintiff's motion to relate back is denied, and defendants' cross-motions are granted in part and denied in part.

## FACTS

The following facts are undisputed.

The original complaint in this action (83 Civ. 6773) was filed on August 3, 1983. The only defendant named in that complaint was Officer Frank Cuilla. The complaint was served on Officer Cuilla in October 1983. On March 20, 1984, plaintiff filed another complaint (84 Civ. 8415) based on the same transaction. That complaint

---

**1.** Plaintiff had retained counsel to represent her in this action. However, after counsel had briefed and argued this motion, he requested leave to withdraw from the representation. The Court granted leave to withdraw on October 28, 1988.

named as defendants, Officer Frank Cuilla, Officer Paul A. Lizio, Detective Donaldson, Detective Joseph G. Pirrello, Lieutenant Philip Sauerman, three unknown police officers, the City of New York, and the New York City Police Department.[2]

The two actions were consolidated by Order of the Court dated November 29, 1984. By Order dated January 19, 1988, the Court dismissed both complaints without prejudice to plaintiff filing an amended consolidated complaint.

On July 20, 1988, plaintiff filed an amended complaint, and on August 5, 1988, plaintiff moved to have the amended complaint relate back to the complaint filed in August of 1983. In her amended complaint, plaintiff alleges that on August 27, 1980, defendant police officers, acting pursuant to a warrant for which plaintiff alleges there was no probable cause, entered and searched her residence in Flushing, New York. See Amended Complaint at ¶¶ 26–27. Plaintiff further alleges that in executing the search defendants used excessive force, damaging her property and assaulting her person. *Id.* at ¶¶ 29–40. In addition, plaintiff alleges that she was, on August 27, 1980, falsely arrested or imprisoned while the officers conducted the search. *Id.* at ¶ 36. Plaintiff further alleges that defendants engaged in a conspiracy to use criminal process against her, and that in so doing they gave false testimony before the grand jury, and at plaintiff's criminal trial, resulting in her conviction on February 16, 1982. *Id.* at ¶¶ 50–55.

## DISCUSSION

Plaintiff now seeks to bring all of these claims within the statute of limitations period against all the defendants named in the 1984 complaint by relating her amended complaint back to the original filing date of the 1983 complaint. Defendants oppose the motion to relate back on the ground that the defendants named in the 1984 com-

---

**2.** Plaintiff was acting *pro se* at the time these complaints were filed.

**3.** The statute of limitations on plaintiff's claims arising out of the August 27, 1980, arrest and search expired on August 27, 1983. Plaintiff's

plaint did not have notice of the action within the statute of limitations period. Thus, defendants argue, the amended complaint should be dismissed against all defendants except defendant Cuilla. In addition, defendants seek to dismiss plaintiff's claims against defendant Cuilla on the following grounds: that the allegations relating to false arrest or imprisonment are barred by plaintiff's subsequent conviction for the offense for which she was arrested; that plaintiff's claim of unlawful search is barred by the collateral estoppel effect of a suppression hearing which upheld the validity of the search; and that plaintiff's allegation of a conspiracy carried out through the giving of false testimony must be dismissed because all defendants are absolutely immune from suit on those grounds.

■ Under Rule 15(c), in order for an amended complaint naming additional defendants to relate back to the original complaint, four criteria must be satisfied. First, the basic claim must have arisen out of the conduct alleged in the original pleading. Second, the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense. Third, that party must or should have known that, but for a mistake concerning identity, the action would have been brought against him. Fourth, the second and third requirements must have been fulfilled within the prescribed limitations period. *Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

■ In the instant case, plaintiff has failed to satisfy the third and fourth factors. The statute of limitations for section 1983 actions is three years. *See Okure v. Owens,* 816 F.2d 45, 49 (2d Cir. 1987). Plaintiff filed the original complaint within the statute of limitations period, but Officer Cuilla was served outside of that period. *See supra,* at p. 203.[3] Thus, although the "[t]imely filing of a complaint,

---

claims of conspiracy and false testimony arose later, although plaintiff has not specified the dates on which the acts of conspiracy occurred. These claims are dismissed as to all defendants on other grounds. *See infra,* at p. 205.

and notice within the limitations period to the party named in the complaint, permits imputation of notice to a subsequently named and sufficiently related party." *Schiavone, supra,* 477 U.S. at 29, 106 S.Ct. at 2384, here no timely notice was ever given to the party originally served.

It follows that even assuming that the additional defendants in this action are sufficiently related parties, they could not be deemed to have notice of the action within the limitations period. This defect is fatal to a motion to relate back. *Id.* at 30, 106 S.Ct. at 2385. Moreover, Plaintiff has made no showing that these parties had any basis to believe that they were intended to be sued and were not sued as a result of a mistake of identity.[4] In sum, the requirements of *Schiavone* are not met where, as here, plaintiff chooses to sue only one of the several alleged tortfeasors, but purposefully fails to give notice to the others within the limitations period.[5]

■ Plaintiff's conspiracy allegations must be dismissed for a different reason. Those allegations are based on allegedly false testimony given at trial and before the grand jury. However, witnesses in judicial proceedings are absolutely immune from civil liability arising out of their statements in those proceedings. *See Briscoe v. LaHue,* 460 U.S. 325, 341, 103 S.Ct. 1108, 1118–1119, 75 L.Ed.2d 96 (1983). Most courts that have considered the question have held that the rationale of *Briscoe* extends this immunity to statements made in grand jury proceedings as well. *See Macko v. Byron,* 760 F.2d 95, 97 (6th Cir. 1985) (per curiam); *Kincaid v. Eberle,* 712 F.2d 1023, 1023–24 (7th Cir.), *cert. denied,* 464 U.S. 1018, 104 S.Ct. 551, 78 L.Ed.2d 725 (1983); *Briggs v. Goodwin,* 712 F.2d 1444,

1449 (D.C.Cir.), *cert. denied,* 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1983).[6] For this reason, plaintiff's claims of conspiracy and false testimony must be dismissed against all defendants, including defendant Cuilla, even if it would have been proper to allow those claims to relate back to the original complaint.

■ Defendants also argue that plaintiff's false arrest or false imprisonment claims must be dismissed because plaintiff was convicted of the offense for which she was arrested. This argument is persuasive. In *Cameron v. Fogarty,* 806 F.2d 380 (2d Cir.1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987) the Second Circuit held that a section 1983 action based on false arrest or false imprisonment is barred by a plaintiff's conviction for the offense for which he is arrested. *Id.* at 388. Thus, plaintiff's claims of false arrest or false imprisonment must be dismissed against all defendants including defendant Cuilla.

■ Finally, defendants contend that all claims related to the search of plaintiff's residence must be dismissed because the search was determined to be lawful in a suppression hearing at plaintiff's criminal trial. While defendants are correct that a suppression hearing determination may be used to collaterally estop a later claim of illegal search, *see Allen v. McCurry,* 449 U.S. 90, 103–04, 101 S.Ct. 411, 419–20, 66 L.Ed.2d 308 (1980), such a determination can only be given the same preclusive effect in federal court that it would have in the New York state courts. *See* 28 U.S.C. § 1738 (1982); *Cameron, supra,* 806 F.2d at 384–85. Under New York's law of issue preclusion, the decision in the suppression hearing may only be used to estop the

---

**4.** It is clear that plaintiff was not laboring under a mistake of identity when she filed her original complaint which asserted conduct by the defendants now sought to be sued. Since they were mentioned in the body of plaintiff's complaint, but were not named as defendants, defendants more logically must have assumed that plaintiff had intentionally, and not mistakenly, refrained from bringing suit against them.

**5.** Under Rule 15(c) plaintiff's amended complaint automatically relates back to the original

complaint with respect to defendant Cuilla because he was named as a defendant in that complaint.

**6.** The Second Circuit has, at least in dicta, approved of this extension. *See Filippo v. U.S. Trust Co. of New York,* 737 F.2d 246, 254 (2d Cir.1984). *But see White v. Frank,* 680 F. Supp. 629, 634–37 (S.D.N.Y. 1988) (granting only qualified immunity to grand jury witnesses).

assertion of identical issues actually litigated in the suppression hearing. *See Cameron, supra,* 806 F.2d at 384–85; *cf. Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Here, plaintiff alleges not only that the search was illegal, but that it was carried out with excessive force causing considerable property and personal damage. Defendants have presented no evidence indicating that these issues were fully and fairly litigated in the suppression hearing. Therefore, defendants' motion to dismiss the claims related to the search on collateral estoppel grounds is denied.[7]

## CONCLUSION

For the reasons set forth above, plaintiff's motion to relate her amended complaint back to her original complaint is denied. Defendants' motion to dismiss all claims against all defendants except defendant Cuilla is granted. In addition, as against defendant Cuilla, all claims except the claims of assault and improper search are dismissed.

It is SO ORDERED.

---

7. This claim is, of course, dismissed against all defendants except defendant Cuilla on the ground that it cannot be related back to the original complaint.