Darrell D. Kincaid, Michigan City, Ind., for plaintiff-appellant.

Robert L. Bauman, Heide, Gambs & Mucker, Jay T. Seeger, Lafayette, Ind., for defendant-appellee.

**Darrell D. KINCAID, Plaintiff-Appellant,**

v.

**Daniel EBERLE, individually and in his capacity as an agent or employee of the Lafayette, Indiana Police Department, Defendant-Appellee.**

**No. 80–1003.**

United States Court of Appeals,
Seventh Circuit.

Submitted June 28, 1983.

Decided Aug. 8, 1983.

Certiorari Denied Dec. 12, 1983.
See 104 S.Ct. 551.

Before BAUER, CUDAHY and POSNER, Circuit Judges.

PER CURIAM.

This appeal presents a question of first impression but little difficulty: whether a witness before a grand jury has, as the district court held, absolute immunity from a suit under 42 U.S.C. § 1983 for giving false testimony to the damage of the plaintiff. *Briscoe v. LaHue,* —— U.S. ——, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), holds that a witness at trial has such immunity, and although the Court reserved the question whether its holding applied to pretrial proceedings, *id.* at 1112 n. 5, we cannot see how a different result could be reached. The position at common law, on which the Court laid heavy emphasis, see *id.* at 1113–15, was the same: the witness before a grand jury had absolute immunity. See *Lake v. King,* 1 Wms.Saund. 131, 132, 85 Eng.Rep. 137, 139 (K.B.1679); *The King v. Skinner,* 1 Lofft 55, 56, 98 Eng.Rep. 529, 530 (K.B. 1772); *Kidder v. Parkhurst,* 3 Allen 393, 396 (Mass.1862); *Schultz v. Strauss,* 127 Wis.

325, 328, 106 N.W. 1066, 1067 (1906). Turning from history to policy, we think it apparent that the concern that the Supreme Court expressed with regard to the impact of liability on witnesses at trial, see 103 S.Ct. at 1115, 1119–20, is every bit as forcefully presented by the prospect of imposing liability on witnesses before the grand jury. A police officer (the defendant here, as in *Briscoe*) who faces the prospect of a section 1983 suit every time he testifies in a grand jury proceeding will be distracted from and impeded in the performance of his official duties. If anything, the argument for absolute immunity is stronger in the grand jury setting than in the trial setting, because false testimony before the grand jury is less harmful than false testimony at trial; the grand jury can indict, but cannot convict.

AFFIRMED.

CUDAHY, Circuit Judge, concurring:

I reluctantly concur because I believe the majority does correctly invoke the principles underlying *Briscoe v. LaHue*, —— U.S. ——, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). I do, however, seriously question the wisdom of deciding important matters of first impression (in this and the other federal circuits) in a published opinion, on the basis of a 9-page pro se brief of a prisoner-petitioner (written long before the decision in *Briscoe*), and without the benefit of oral argument. As the majority notes, in *Briscoe v. LaHue,* the Supreme Court took the trouble to specifically reserve the question which is before us—suggesting that the issue is not frivolous.[1] The majority's reliance on old English cases also suggests that this is not a matter where the court can expect to receive the necessary level of insight and analysis from a pro se prisoner

brief. Certainly, where a published opinion on a case of first impression is to be the outcome, we should not disdain the full resources of the adversary system.

---

1. In *Briscoe v. LaHue,* respondent LaHue had testified, allegedly falsely, against petitioner Briscoe in two probable cause hearings as well as at trial. Justice Stevens, writing for the majority, specifically declined to address the absolute immunity question as it applied to these pretrial proceedings.

In dissent, Justice Marshall noted that: "Both English and American courts routinely permitted plaintiffs to bring actions alleging that the defendant had made a false and malicious accusation of a felony to a magistrate or other judicial officer." 103 S.Ct. at 1124 (footnote omitted).