**Robert Carl ANTHONY,**
**Plaintiff-Appellee,**

v.

**Daniel G. BAKER, individually and as Deputy Sheriff of the County of El Paso, Colorado, Defendant-Appellant.**

**No. 90-1099.**

United States Court of Appeals,
Tenth Circuit.

Feb. 5, 1992.

Phillip A. Vaglica (Kathleen A. Carlson, of Susemihl, Lohman, Kent, Carlson & McDermott, P.C., Colorado Springs, with him on the briefs), Colorado Springs, for defendant-appellant.

Elvin L. Gentry (Owen Nitz, of Nitz, Walton & Hammer, Las Vegas, Nev., with him on the brief), of Elvin L. Gentry, P.C., Colorado Springs, for plaintiff-appellee.

Before HOLLOWAY, ANDERSON and TACHA, Circuit Judges.

TACHA, Circuit Judge.

Defendant-appellant Daniel Baker appeals from an interlocutory order of the district court denying his motion to dismiss and motion for partial summary judgment. On appeal, Baker contends (1) that the district court incorrectly applied the "law of the case" doctrine and (2) that he is entitled to absolute immunity from civil liability for testimony he provided to the grand jury of El Paso County, Colorado and to the state trial judge in a preliminary hearing.

We have jurisdiction over an interlocutory decision denying absolute immunity under the "collateral order" doctrine. *See Nixon v. Fitzgerald,* 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982); *Helstoski v. Meanor,* 442 U.S. 500, 506–08, 99 S.Ct. 2445, 2448–49, 61 L.Ed.2d 30 (1979); *Abney v. United States,* 431 U.S. 651, 657–63, 97 S.Ct. 2034, 2038–43, 52 L.Ed.2d 651 (1977); *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). We reverse and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

A complete recitation of the facts surrounding this case can be found in a prior appeal, *Anthony v. Baker,* 767 F.2d 657, 659–61 (10th Cir.1985) [hereinafter *Anthony v. Baker I.*] Here, we discuss only those facts relevant to this appeal. Plaintiff Robert Anthony filed this action against defendant Baker under 42 U.S.C. § 1983 for malicious prosecution. Baker, a deputy sheriff of the Sheriff's Office of El Paso County, Colorado, investigated a fire that occurred in the Springs Motor Inn on September 16, 1980. Anthony, the general manager of the inn at the time of the fire, was indicted, tried and acquitted for felony theft based on insurance fraud in connection with the fire.

Anthony's malicious prosecution complaint challenges Baker's motivation and conduct in nearly all phases of the investigation and resulting criminal prosecution against Anthony. Focusing on the grand jury and probable cause proceedings, Anthony's complaint alleges the following: with Baker's "procurance, advice, and assistance" and based partially on Baker's false assertions, the grand jury began an investigation of the alleged arson; Baker presented "maliciously false, misleading and distorted evidence and testimony" to the grand jury, and these acts led to the

grand jury's indictment of Anthony; after a judge dismissed the indictment, a prosecuting attorney filed a criminal information based on "false or created" information supplied by Baker; during the ensuing preliminary hearing on whether there was probable cause to bind Anthony over for trial, Baker testified and "again presented false, distorted, misleading and equivocal testimony"; Baker's false testimony at the probable cause hearing and the transcript from the grand jury proceedings caused the court to find probable cause when probable cause would not have been found "but for the false, contrived and misleading evidence presented by Baker."

■ Baker moved to dismiss Anthony's complaint, or alternatively for partial summary judgment, on the grounds that Baker is absolutely immune from civil liability for his testimony before the state grand jury and the state trial judge at a preliminary hearing. The district court denied Baker's motion because it found that, in *Anthony v. Baker I*, we had already ruled against Baker on the issues presented in Baker's motions. The district court also noted that Baker presented the absolute immunity argument in a previous motion to dismiss filed in 1986. This motion was denied by a different district court judge on the grounds that, in *Anthony v. Baker I*, we ruled against Baker on the absolute immunity issue. In denying the present motion, the district court also determined that it was bound by the prior determinations of the issues presented in Baker's motion under the "law of the case" doctrine.[1]

## II. DISCUSSION

We must determine if *Anthony v. Baker I* decided whether Baker is entitled to absolute immunity for his testimony before a state grand jury and before a state trial judge at a preliminary hearing. If these issues were decided in *Anthony v. Baker I*,

then the district court correctly determined it was bound by that decision as the law of the case. *Eastern Cherokees v. United States*, 225 U.S. 572, 582, 32 S.Ct. 707, 711, 56 L.Ed. 1212 (1912) ("When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case.") (citation omitted).

Whether *Anthony v. Baker I* settled the issues of absolute immunity for Baker's grand jury and state preliminary hearing testimony is a question of law. Accordingly, we use a *de novo* standard of review. *Fox v. Mazda Corp. of Am.*, 868 F.2d 1190, 1194 (10th Cir.1989).

### A. IMMUNITY FOR DEPUTY SHERIFF BAKER'S GRAND JURY TESTIMONY

■ To resolve whether *Anthony v. Baker I* settled the issue of absolute immunity, we begin by examining the proceedings that led up to our earlier decision. In July, 1983—one year after Anthony filed his suit and before the case had proceeded to trial—defendant Baker moved to dismiss or alternatively for partial summary judgment. Baker argued that the complaint against him should be dismissed because the action was based on his privileged testimony before the jury and grand jury. In October, 1984, the district court granted Baker's motion, ruling that under *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), Baker's testimony "before the grand jury or at plaintiff's trial cannot form the basis of plaintiff's 1983 claim."

The district court's recognition of immunity for Baker's trial and grand jury testimony did not dispose of Anthony's § 1983 claim because Anthony's complaint "al-

---

**1.** The law of the case doctrine is "a restriction self-imposed by the courts in the interest of judicial efficiency. It is a rule based on sound public policy that litigation should come to an end and is designed to bring about a quick resolution of disputes by preventing continued reargument of issues already decided." *Fox v.*

*Mazda Corp. of America*, 868 F.2d 1190, 1194 (10th Cir.1989) (citations omitted). The law of the case doctrine "encompasses a court's explicit decisions, as well as those issues decided by necessary implication." *Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d 243 (D.C.Cir.1987) (citations omitted).

leged other facts which [fell] outside the scope of immunity defined in Briscoe." Accordingly, the district court allowed the case to proceed to trial. After the trial, the district court directed a verdict in favor of Baker, finding that there was insufficient evidence to allow recovery on Anthony's § 1983 claim. Anthony appealed to this court, and we rendered a decision on that appeal in *Anthony v. Baker I.*

In *Anthony v. Baker I,* one of the issues we addressed was whether the district court correctly held in its pretrial ruling on summary judgment that Baker was protected by absolute immunity for his grand jury testimony and therefore that none of Baker's grand jury testimony could form the basis of Anthony's § 1983 claim. After reviewing our earlier decision, we conclude that *Anthony v. Baker I* decided only that the district court erred in granting Baker absolute immunity for his entire grand jury testimony. On his prior appeal to this Court, Anthony specifically argued that the district court erred in finding that, under *Briscoe v. LaHue,* Baker's testimony before the grand jury could not form the basis of Anthony's § 1983 action for malicious prosecution. *Anthony v. Baker I,* 767 F.2d at 662. In response, Baker argued that he was entitled to immunity under *Briscoe v. LaHue* for his testimony during Anthony's criminal prosecution in state district court. *Id.*

After considering these arguments, we "concurr[ed] in Anthony's contention that, contrary to the district court's finding, *Briscoe v. LaHue* does not afford immunity for the testimony of the defendants before the Grand Jury." *Id.* at 663. We did not decide that all grand jury witnesses lack absolute immunity, or even that Baker lacks immunity for each and every word of his grand jury testimony. Instead, without significant discussion, we reversed the district court's holding affording blanket immunity for all statements at the grand jury proceeding, and we left it to the district court on remand to define the scope of immunity that attaches to grand jury testimony.

The district court erroneously dismissed Baker's present summary judgment motion on law of the case grounds because *Anthony v. Baker I* did not determine the scope of immunity that attaches to Baker's grand jury testimony. *Anthony v. Baker I* decided only that the district court erred in granting Baker absolute immunity for each and every statement uttered during the grand jury proceedings. Therefore, we must now proceed to define the scope of Baker's immunity for his grand jury testimony.

In addressing questions of absolute immunity under § 1983, we take a functional approach, examining such factors as the recognition of immunity at common law, the risk of vexatious litigation, and the availability of safeguards other than civil litigation to help prevent abuses of authority. *Burns v. Reed,* —— U.S. ——, 111 S.Ct. 1934, 1941–44, 114 L.Ed.2d 547 (1991); *Mitchell v. Forsyth,* 472 U.S. 511, 521–22, 105 S.Ct. 2806, 2812–13, 86 L.Ed.2d 411 (1985). As we analyze this immunity question, we first must focus on the nature of the function Baker performed, rather than on Baker's identity as a deputy sheriff. *Forrester v. White,* 484 U.S. 219, 230, 108 S.Ct. 538, 545, 98 L.Ed.2d 555 (1988). If we cannot conclude that Baker's claim of absolute immunity would have been recognized at common law, we need not proceed beyond an examination of the immunity available at common law. *Robinson v. Volkswagenwerk AG,* 940 F.2d 1369, 1371 (10th Cir.1991) (if claim of absolute immunity was not recognized at common law, "we need proceed no further"), *petition for cert. filed,* (Oct. 30, 1991) (No. 91–715); *see also Tower v. Glover,* 467 U.S. 914, 922–23, 104 S.Ct. 2820, 2825–26, 81 L.Ed.2d 758 (1984); *Burns,* 111 S.Ct. at 1945 (Scalia, J., concurring in judgment in part and dissenting in part) (common law tradition of immunity is a necessary, but not sufficient, condition of absolute immunity in § 1983 actions).

In resolving questions of immunity, the common law distinguished between defamation actions and actions for malicious prosecution. In a defamation action, the plaintiff seeks to hold a witness "liable

only for the defamatory effect of his testimony, and in such an action he [the witness] enjoyed absolute immunity upon a threshold showing that the allegedly defamatory statements were relevant to the judicial proceeding." *White v. Frank,* 855 F.2d 956, 959 (2d Cir.1988) (citing *Briscoe v. LaHue,* 460 U.S. 325, 330–32 & n. 11, 103 S.Ct. 1108, 1112–13 & n. 11, 75 L.Ed.2d 96 (1983)). In a malicious prosecution action, however, the plaintiff attempts to hold the complaining witness [2] "liable for his role in *initiating* a baseless prosecution...." *Id.* "Complaining witnesses were not absolutely immune at common law." *Malley v. Briggs,* 475 U.S. 335, 340, 106 S.Ct. 1092, 1095, 89 L.Ed.2d 271 (1986). Thus, in *Malley,* the Supreme Court denied absolute immunity to a police officer who wrongfully initiated a criminal proceeding by applying for an arrest warrant. *Id.* "In 1871, the generally accepted rule was that one who procured the issuance of an arrest warrant by submitting a complaint could be held liable if the complaint was made maliciously and without probable cause." *Id.* (citations omitted).

We have not discovered any pre–1871 malicious prosecution cases that grant absolute immunity to a complaining witness for testimony in a pre-trial proceeding. Even examining post–1871 cases as a reflection of the common law when § 1983 was enacted, we are not persuaded that a complaining witness would have been granted absolute immunity.

Unlike the plaintiff in *Malley,* Anthony does not allege that Baker initiated the prosecution by maliciously submitting a criminal complaint. Instead, Anthony's complaint challenges both Baker's motivation for his actions prior to the grand jury proceeding and Baker's conduct during the grand jury proceeding.[3]

Because we are not convinced that the common law granted absolute immunity to a complaining witness who initiated—at least in part—a baseless prosecution by giving false testimony at a grand jury proceeding, we find the factual distinction between *Malley* and our case to be insignificant. In a case very similar to ours, the Second Circuit analyzed the immunity available to complaining witnesses at common law and concluded that "early cases ... [permitted] a plaintiff to recover in an action for malicious prosecution based in part upon the defendant's appearance before the grand jury." *White,* 855 F.2d at 960 (citing *Dennis v. Ryan,* 65 N.Y. 385 (1865); *Fitzjohn v. Mackinder,* 9 C.B. (N.S.) 506, 142 Eng.Rep. 199 (1861)).

The one asserting absolute immunity must demonstrate clear entitlement. *Burns,* 111 S.Ct. at 1944–45; *Forrester,* 484 U.S. at 230, 108 S.Ct. at 545; *Robinson,* 940 F.2d at 1370; *Snell v. Tunnell,* 920 F.2d 673, 676 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1622, 113 L.Ed.2d 719 (1991). Baker has failed to demonstrate that complaining witnesses were entitled to absolute immunity for their grand jury testimony at common law. On remand, the district court must resolve the disputed factual matter of whether Baker played the role of a complaining witness in the grand jury proceeding. If the district court determines that Baker acted as a complaining witness, then he is not entitled to absolute immunity for any of his grand jury testimony that is relevant to the manner in which he initiated or perpetuated the prosecution of Anthony.

Baker asserts that he is entitled to absolute immunity simply because he participated as a lay witness in the grand jury proceeding. As mentioned above, whether Baker was a complaining witness or a lay

---

2. The term "complaining witness" describes the person (or persons) who actively instigated or encouraged the prosecution of the plaintiff. Proof of the defendant's role in instituting the criminal prosecution of the plaintiff is an essential element of a malicious prosecution claim. W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 119 (5th ed. 1984); *Lounder v. Jacobs,* 119 Colo. 511, 205 P.2d 236 (1949).

3. Among Anthony's challenges to Baker's conduct and motivation is the allegation that prior to the grand jury proceeding Baker deliberately created false evidence and distorted reports and failed to make a full and fair disclosure of his investigation for the purpose of misleading and misinforming the prosecutor and the grand jury.

witness is a factual question to be resolved by the district court. Baker urges this court to follow other circuits that have granted absolute immunity to witnesses testifying in a pre-trial proceeding.[4]

The Supreme Court recognized absolute immunity for witnesses who testify at trial. *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). In this Circuit, we extended *Briscoe* beyond the trial itself to judicial proceedings generally. *See Tripati v. United States Immigration and Naturalization Serv.*, 784 F.2d 345, 348 (10th Cir.1986) (absolute immunity extends to probation officer who allegedly made false statements in pretrial bond report and presentence report), *cert. denied*, 484 U.S. 1028, 108 S.Ct. 755, 98 L.Ed.2d 767 (1988). In *Tripati*, we held that when "the challenged activities of a federal probation officer are intimately associated with the judicial phase of the criminal process, he or she is absolutely immune from a civil suit for damages." *Id.* Other Circuits have relied on *Tripati* as support for granting absolute immunity to a witness testifying in a pretrial setting. *See, e.g., Williams v. Hepting*, 844 F.2d 138, 142–43 (3rd Cir.) (absolute immunity extends to witness who testifies at preliminary hearing), *cert. denied*, 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 107 (1988); *Holt v. Castaneda*, 832 F.2d 123, 125–26 (9th Cir.1987) (witness who testifies in adversarial preliminary hearing is absolutely immune), *cert. denied*, 485 U.S. 979, 108 S.Ct. 1275, 99 L.Ed.2d 486 (1988); *Daloia v. Rose*, 849 F.2d 74, 76 (2d Cir.) (witness who testifies at pretrial suppression hearing is absolutely immune), *cert. denied*, 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988). We agree that when a plaintiff brings a § 1983 action to recover for the defamatory effects of perjured testimony, *Tripati* sup-

ports the extension of absolute immunity to witnesses for their grand jury testimony.

■ At common law, a lay witness testifying before the grand jury had absolute immunity. *Kincaid v. Eberle*, 712 F.2d 1023 (7th Cir.) (citing *Lake v. King*, 1 Wms. Saund. 131, 132, 85 Eng.Rep. 137, 139 (K.B. 1679); *The King v. Skinner*, 1 Lofft 55, 56, 98 Eng.Rep. 529, 530 (K.B. 1772); *Kidder v. Parkhurst*, 3 Allen 393, 396 (Mass.1862); *Shultz v. Strauss*, 127 Wis. 325, 328, 106 N.W. 1066, 1067 (1906)), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 551, 78 L.Ed.2d 725 (1983). In addition to finding support in the common law, we find that the same policy concerns articulated by the Supreme Court in *Briscoe v. LaHue* support extending defamation immunity to a grand jury witness. If a witness could be liable for damages for defamatory statements made during a grand jury proceeding, then the witness might distort his or her testimony or might be reluctant to testify at all. This could "deprive the finder of fact of candid, objective, and undistorted testimony." *Briscoe*, 460 U.S. at 333, 103 S.Ct. at 1114 (citation omitted).

Moreover, the grand jury proceeding is integral to the judicial phase of the criminal process. Although a grand jury proceeding offers fewer procedural protections—particularly regarding the opportunity to cross-examine, present rebuttal evidence, and the presence and representation of counsel—than a trial, the grand jury provides enough of the protections of a trial that grand jury witnesses should be absolutely immune. Furthermore, in *Burns v. Reed*, —— U.S. ——, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991), the Supreme Court found that a prosecutor is absolutely immune from liability for participating in a probable cause hearing. In making this determination, the Court did not examine

---

4. *See, e.g., Strength v. Hubert*, 854 F.2d 421 (11th Cir.1988); *Little v. City of Seattle*, 863 F.2d 681, 683 (9th Cir.1988); *Williams v. Hepting*, 844 F.2d 138 (3d Cir.), *cert. denied*, 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 107 (1988); *Holt v. Castaneda*, 832 F.2d 123 (9th Cir.1987), *cert. denied*, 485 U.S. 979, 108 S.Ct. 1275, 99 L.Ed.2d 486 (1988); *Macko v. Byron*, 760 F.2d 95 (6th Cir. 1985); *Briggs v. Goodwin*, 712 F.2d 1444 (D.C.Cir.1983), *cert. denied*, 464 U.S. 1040, 104

S.Ct. 704, 79 L.Ed.2d 169 (1984); *Kincaid v. Eberle*, 712 F.2d 1023 (7th Cir.), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 551, 78 L.Ed.2d 725 (1983). We agree with the observation by the Second Circuit in *White v. Frank*, 855 F.2d 956, 961 (2d Cir.1988), that these decisions have not been careful to distinguish between the constitutional tort of giving false testimony and the constitutional tort of a complaining witness initiating a baseless prosecution.

whether the procedural safeguards surrounding the probable cause hearing were sufficient to guard against unconstitutional conduct, and instead relied broadly on the safeguards built into the judicial system. *Id.* 111 S.Ct. at 1942. These safeguards also support our holding that a lay witness is entitled to absolute immunity at a grand jury proceeding.

We therefore conclude that if Baker did not function as a complaining witness, then any § 1983 claim for damages based on his grand jury testimony would essentially seek to hold Baker liable for the defamatory effect of his testimony. If Baker testified before the grand jury as a lay witness—and not as a complaining witness—then he is entitled to absolute immunity.

In sum, we hold that Baker, as a defendant in a § 1983 suit for malicious prosecution, should be denied absolute immunity for his grand jury testimony only if he is found to be a complaining witness and only if the testimony is relevant to the manner in which he initiated or perpetuated the prosecution of the plaintiff.

## B. IMMUNITY FOR TESTIMONY AT STATE PRELIMINARY HEARING

■ The district court erred when it determined that *Anthony v. Baker I* decided whether Baker is entitled to absolute immunity for his testimony before a state trial judge during a preliminary hearing. That matter was neither argued on the appeal of *Anthony v. Baker I,* nor was it a part of the district court's decision that preceded the appeal. Thus, we must now determine whether Baker should be given absolute immunity for his testimony before a state trial judge at a preliminary hearing. For the same reasons stated above, we hold that, in the context of a § 1983 claim for malicious prosecution, a complaining witness is not absolutely immune for testimony given in a pre-trial setting if that testimony is relevant to the manner in which

the complaining witness initiated or perpetuated the prosecution.

Anthony alleges that the prosecuting authorities, "based upon the false or created information supplied by Baker, immediately filed a criminal information" after a judge dismissed the grand jury's indictment. A preliminary hearing—the hearing now at issue—was held before a state trial judge to determine whether probable cause existed to bind Anthony over for trial.

Because Anthony's § 1983 action for malicious prosecution is based in part on Anthony's allegations concerning the probable cause hearing, we must determine whether Baker is entitled to absolute immunity for the testimony he gave at the preliminary hearing. Again, immunity hinges on whether Baker acted as a complaining witness or as a lay witness. Proceeding under a functional approach, we first examine immunity at common law. *Burns,* 111 S.Ct. at 1941–44. In an action for malicious prosecution, we find no evidence that a complaining witness was entitled to immunity for testimony at a preliminary hearing at common law. Therefore, we need proceed no further, *see Robinson,* 940 F.2d at 1371, and we conclude that a complaining witness is not entitled to absolute immunity in a malicious prosecution action for testimony given at a preliminary hearing.

■ Turning to the immunity of lay witnesses, we reach the opposite conclusion. First, we note that lay witnesses enjoyed absolute immunity for their testimony in judicial proceedings at common law.[5] We also find that the policy concerns articulated for extending immunity to lay witnesses for their grand jury testimony apply to testimony at a preliminary hearing. The preliminary hearing is integral to the judicial process and contains the numerous safeguards that are built into the judicial system. Further, absolute immunity promotes uncensored testimony, which is es-

---

**5.** *See McDavitt v. Boyer,* 169 Ill. 475, 480, 48 N.E. 317 (1897); *Laing v. Mitten,* 185 Mass. 233, 235, 70 N.E. 128 (1904); *Dodge v. Gilman,* 122 Minn. 177, 142 N.W. 147 (1913); *Liles v. Gaster,* 42 Ohio St. 631, 635 (1885); Newell, *Slander and Libel* 544 (3d ed. 1914); M. Schneiderman, Annotation, *Libel and Slander: Application of Privilege Attending Statements Made in Course of Judicial Proceedings to Pretrial Deposition and Discovery Procedures,* 23 A.L.R.3d 1172.

sential to the finder of fact. Therefore, we conclude that a lay witness enjoys absolute immunity for testimony at a preliminary hearing.

Construing Anthony's complaint in the light most favorable to him, we find that Anthony's allegations concerning the grand jury proceeding and the probable cause hearing could provide a factual basis for the district court to conclude that Baker indeed was a complaining witness at both proceedings. We hold that, in the context of a § 1983 suit for malicious prosecution, a complaining witness is not absolutely immune for his testimony at either a grand jury proceeding or a preliminary hearing if that testimony is relevant to the manner in which the complaining witness initiated or perpetuated the prosecution. However, in the event that the defendant is not a complaining witness, we hold that he is absolutely immune for his pretrial testimony.

Whether Baker was a complaining witness in the grand jury proceeding and in the preliminary hearing are disputed factual matters that must be resolved by the district court. Therefore, we remand this case so that this matter may proceed in the district court in light of the principles we have established.

REVERSED and REMANDED.

HOLLOWAY, Circuit Judge, concurring and dissenting:

I agree with the majority's opinion to the extent that it reformulates our circuit's absolute immunity analysis and remands to the district court for a determination whether the defendant Baker was either a complaining or lay witness during the preliminary hearing proceeding. I respectfully disagree with the portion of the opinion dealing with the law of the case regarding the defendant's testimony before the state grand jury, and which, in my view, incorrectly places conditions and limitations on our court's holding in *Anthony v. Baker I*.

I

My disagreement with the majority's interpretation of our earlier decision in this case rests primarily on the majority's statements that:

> [W]e conclude that *Anthony v. Baker I* decided only that the district court erred in granting Baker absolute immunity for his entire grand jury testimony....
>
> We did not decide that all grand jury witnesses lack absolute immunity, or even that Baker lacks immunity for each and every word of his grand jury testimony. Instead, without significant discussion, we reversed the district court's holding affording blanket immunity for all statements at the grand jury proceeding, and we left it to the district court on remand to define the scope of immunity that attaches to grand jury testimony.

*Ante* at 1398.

I am unable to find anything in our earlier opinion which the district court could have possibly construed as an invitation to reexamine the absolute immunity issue after we had just reversed the court on that very point. Our holding in *Anthony v. Baker I* was not narrow in those respects, but precise as covering the grand jury immunity issue completely. *Anthony v. Baker I* held:

> We also concur in Anthony's contention that, contrary to the district court's finding, *Briscoe v. LaHue* does not afford immunity for the testimony of the defendants before the Grand Jury. As Anthony points out, this very question was reserved by the Court[.]

767 F.2d at 663. This flat rejection of Baker's claim of immunity "for the testimony of the defendants before the Grand Jury," in no way justifies our now shrinking the holding down as not covering "each and every word" of the grand jury testimony. By narrowing our earlier ruling on absolute immunity to a mere finding of technical error at the pretrial stage, the majority concedes that this court reached a conclusion on the absolute immunity issue. However, the majority does not acknowledge that we had a reason to reverse the district court's ruling.[1]

---

**1.** Although we noted in *Anthony v. Baker I* that    the Supreme Court had reserved the question in

Our opinion in *Anthony v. Baker I* does not hold that the denial of absolute immunity hinges upon a finding that Baker was a complaining witness whose testimony initiated or perpetuated the prosecution. Our court instead plainly held that Baker was not entitled to absolute immunity for his testimony "before the Grand Jury." In my judgment that became and is the law of the case. This clear holding was conscientiously and correctly applied by the district court in its order, which is the subject of this appeal. The court quoted the holding that *"Briscoe v. LaHue* does not afford immunity for the testimony of the defendants before the Grand Jury. *Anthony,* 767 F.2d at 663." *See Anthony v. Baker,* No. 82–B–1025 (D.Colo. Apr. 3, 1990) (order denying defendants' motion to dismiss).

In *United States v. Monsisvais,* 946 F.2d 114, 116 (10th Cir.1991), our court recently applied the doctrine of the law of the case. There, we approved the rule that:

> [w]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it must be followed by the trial court on remand. *If there is an appeal from the judgment entered after remand, the decision on the first appeal establishes the law of the case to be followed on the second.*

(citation and quotation omitted) (emphasis changed); *see also White v. Murtha,* 377 F.2d 428, 431–32 (5th Cir.1967) (law of the case must be followed in subsequent proceedings in same case in trial court *or on a later appeal* ). Thus, we have the plain duty to follow here the entire holding of *Anthony v. Baker I,* and have no right to dissect that holding, applying the part we would follow and throwing away that which we want to ignore.

There are exceptions to the law of the case doctrine, which are also plainly stated in *Monsisvais,* 946 F.2d at 117:

> Nevertheless, the circumstances justifying a departure from the law of the case are narrow. The most widely quoted statement is by former Tenth Circuit Chief Judge Orie Phillips, sitting in another circuit, that the law of the case must be followed 'unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.' *White v. Murtha,* 377 F.2d 428, 432 (5th Cir.1967) (footnote omitted)[.]

Within these clear parameters which our court has stated, there is no exception which justifies our disregard of the law of the case established in *Anthony v. Baker I.* Specifically, with respect to this case there has been no new evidence presented below since there have been no proceedings and Anthony's claim has not been allowed to go to trial.[2] Moreover, there has been no direct change in the controlling authority, and there is no showing that a manifest injustice would result from the application

---

*Briscoe* on the immunity afforded to witnesses at nontrial proceedings, this finding alone would not have justified reversal. Rather, our discussion about Baker's grand jury immunity came in the context of analyzing plaintiff Anthony's broader claims. There, we stated that "state and federal officers are liable under § 1983 and § 1985(2) when they conspire to procure groundless state indictments and charges based upon … false, distorted, perjurious testimony presented to official bodies in order to maliciously bring about a citizen's trial or conviction." *Id.* at 662.

We noted that "Anthony did present evidence upon which a jury could find that Baker's participation in … the Grand Jury proceedings so tainted the proceedings as to constitute 'egregious conduct' and deny him his due process rights to a probable cause determination." *Id.*

at 663. Read in this context, I believe we clearly held that Baker lacked immunity for his grand jury testimony because *Briscoe* had yet to be extended beyond the trial context and Baker had not identified a basis for common law immunity which supplied what *Briscoe* did not. Without such reasoning, any district court error found by this court would not have been worth noting.

**2.** Of course, implicit in the "new evidence" exception is a bar against the use of a remand to generate evidence intended to undermine the earlier appellate holding. *See, e.g., Monsisvais,* 946 F.2d at 118 (government not permitted "to make its case again" after earlier failure to justify warrantless search); *Fox v. Mazda Corp. of America,* 868 F.2d 1190, 1194–95 (10th Cir. 1989) (new evidence on damages may not go beyond "bounds of our remand").

of the denial of absolute immunity for Baker respecting his grand jury testimony. Indeed, it would be unjust now to change the earlier ruling in *Anthony v. Baker I* merely because time has passed and Baker's earlier rejected arguments are improved by persuasive, but not controlling, new authority from other circuits which develops new conditions or limitations to immunity law. As a result of defendant Baker's two appeals, and a lengthy stay granted when he filed for bankruptcy, Anthony's § 1983 claim remains in limbo. Indeed, this case has yet to be presented to a petit jury for trial, despite the fact that the underlying incident from which it arose occurred over ten years ago.

With respect to the controlling authority issue, the majority's opinion relies significantly on the Second Circuit's opinion in *White v. Frank*, 855 F.2d 956 (2d Cir.1988). In *White*, the court of appeals interpreted the change to witness immunity analysis announced in *Briscoe, supra*, by the Supreme Court's 1986 opinion in *Malley v. Briggs*, 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). *Malley*, which was decided *after* our opinion in *Anthony v. Baker I*, held that "complaining witnesses" were not entitled to absolute immunity at common law. However, it is not any application of "controlling" authority of the Supreme Court in *Malley* or *Briscoe* that the majority opinion relies on here, but instead the majority opinion applies the interpretation of those cases in *White v. Frank*.[3] While the Second Circuit's opinion is persuasive and should perhaps be adopted, it is not "controlling" authority which permits this panel to disregard the unqualified determination made in *Anthony v. Baker I* on Baker's lack of absolute immunity for his grand jury testimony. For us to do otherwise would mean that the district courts would, after a definitive appellate decision by our court, nevertheless have to search the opinions of other circuits for intervening holdings that might justify disregarding our own appellate holding.

The law of the case doctrine promotes finality and serves to prohibit litigants from constantly reopening earlier decided issues by taking repeated appeals. The policy seems particularly appropriate where, as here, the issue involved is steadily evolving, and the gap between appeals in the same litigation would provide the parties with new, albeit not controlling authority, on which to endlessly reargue formerly decided issues. Therefore, I must disagree with the reinterpretation made by the majority to allow Baker to reopen the issue of his claimed absolute immunity for his grand jury testimony.

## II

As noted earlier, however, I do agree in important respects with the majority opinion. Although the law of the case should bar use of the *White v. Frank* analysis rendered subsequent to our *Anthony v. Baker I* ruling to reargue Baker's position as to his grand jury testimony, I agree that there is no justification to apply the law of the case with respect to his preliminary hearing testimony. The majority correctly recognizes that the *Anthony v. Baker I* court was neither presented with this aspect of the immunity question, nor did it purport to speak to that issue. *See ante* at 1401.

Accordingly, I agree that the *White v. Frank* analysis, and its complaining-lay witness distinction with respect to Baker's preliminary hearing testimony, applies to this case. The majority correctly concludes that a remand for fact-finding for this purpose is necessary. *Anthony v. Baker I* did not address this issue and thus the law of the case doctrine does not apply in this regard, and this panel should give the defendant Baker the benefit of the evolution

---

**3.** The majority opinion remands to permit the defendant Baker to attempt to demonstrate he was not a complaining witness, but merely a lay witness, and therefore absolutely immune for his pretrial and grand jury testimony. However, in his brief to us he criticized *White v. Frank* for its effort to differentiate instances in which a government official was simply a witness, a complaining witness, or an initiator of criminal proceedings, concluding that "such distinctions are unworkable as a means of applying the *Briscoe* 'functional category' analysis." Appellant's Brief at 6.

of immunity law that has occurred since the first appeal on that issue respecting his preliminary hearing testimony.