**Robert A. OWENS, Plaintiff,**

v.

**James R. KEAZER, Defendant.**

**Civ. A. No. 90–2291–L.**

United States District Court, D. Kansas.

July 14, 1992.

---

Mark C. Owens, Bennett, Lytle, Wetzler, Winn & Martin, Prairie Village, Kan., for plaintiff.

Thomas R. Powell, Hinkle, Eberhart & Elkouri, H.E. Jones, Hershberger, Patterson, Jones & Roth, Philip H. Alexander, Dana J. Winkler, City of Wichita, Law Dept., Ed L. Randels, Sedgwick County Legal Dept., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is currently before the court for consideration of the parties' responses (Docs. # 54 and 55) to the court's Order to Show Cause (Doc. # 52) entered on June 16, 1992. That order directed the parties to address whether this action should be dismissed based upon the doctrine of witness immunity enunciated by the United States Supreme Court in *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Having reviewed the memoranda submitted by the parties, the court finds that, based upon the facts now in the record, the doctrine of witness immunity does not require dismissal of the instant action and the case should proceed to trial.

In determining the applicability of absolute immunity under section 1983, the court takes a functional approach, examining such factors as the recognition of immunity at common law, the risk of vexatious litigation, and the availability of safeguards other than civil litigation to help prevent abuses of authority. *Burns v. Reed,* — U.S. —, —, 111 S.Ct. 1934, 1941–44, 114 L.Ed.2d 547 (1991); *Mitchell v. Forsyth,* 472 U.S. 511, 521–22, 105 S.Ct. 2806, 2812–13, 86 L.Ed.2d 411 (1985). The court must focus on the nature of the function that the defendant performed which gave rise to this lawsuit. *Forrester v. White,* 484 U.S. 219, 230, 108 S.Ct. 538, 545–46, 98 L.Ed.2d 555 (1988).

When resolving questions of immunity, the common law distinguished between the function performed by complaining witnesses in malicious prosecution cases and that performed by witnesses in defamation cases. The latter were afforded absolute immunity upon a threshold showing that the allegedly defamatory statements they made were relevant to the proceeding. *Briscoe v. LaHue,* 460 U.S. 325, 330–32 & n. 11, 103 S.Ct. 1108, 1112–14 n. 11, 75 L.Ed.2d 96 (1983). Complaining witnesses in malicious prosecution actions, however, were not absolutely immune at common law. *Anthony v. Baker,* 955 F.2d 1395, 1399 (10th Cir.1992) (citing *Malley v. Briggs,* 475 U.S. 335, 340, 106 S.Ct. 1092, 1095–96, 89 L.Ed.2d 271 (1986)).

The court concludes that the claim now remaining against the defendant[1] is most akin to an action against a complaining witness in a malicious prosecution case. Therefore, based upon the Tenth Circuit's holding in *Anthony v. Baker,* 955 F.2d 1395, 1399 (10th Cir.1992), the court finds that the shield of witness immunity is inapplicable to the defendant.

---

**1.** As limited by the court's previous Memorandum and Order ruling on the defendant's motion for summary judgment, the plaintiff's only remaining claim is based upon the defendant's initiation of the drivers' license revocation process and his allegedly false testimony in the license revocation administrative hearing and the subsequent appeals which, according to the plaintiff, violated plaintiff's fourteenth amendment due process rights.

It is therefor ordered by the court that the plaintiff has shown good cause why this action should not be dismissed based upon the doctrine of witness immunity.

IT IS SO ORDERED.