996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David SACK, Plaintiff-Appellant,
v.
WAGONER COUNTY, OKLAHOMA; Elmer Shepherd, Sheriff of
Wagoner County, Oklahoma; Unknown Officer; Jim Lowder;
James Hiesley; Oklahoma Highway Patrol; Tommy Taylor;
Unnamed and Unknown Oklahoma Highway Patrolman, Defendants-Appellees.
 No. 92-7085.
 United States Court of Appeals, Tenth Circuit.
 June 22, 1993.
 
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Appellant David Sack filed a pro se civil rights complaint against defendants-appellees in the Eastern District of Oklahoma. He sought redress for alleged constitutional violations related to his arrest and confinement after he was involved in an automobile accident. Sack alleged, among other things, that his constitutional rights were violated when defendant Jim Lowder ordered a nurse at St. Francis Hospital to withdraw his blood for a blood-alcohol test.
 
 
 2
 The district court, in two orders, dismissed the claims against all defendants. Sack v. Lowder, No. 90-554-S (E.D.Okla. June 10, 1991); Sack v. Lowder, No. 90-554-S (E.D.Okla. Sept. 17, 1991). Regarding the allegedly unconstitutional blood test, the district court found that defendant Lowder was qualifiedly immune because his conduct "fell within the confines of [Okla.Stat. tit. 47,] §§ 751 and 753," Oklahoma statutes which authorize blood tests on persons arrested for any offense related to acts committed while operating a vehicle under the influence of alcohol. R. 25 at 6.
 
 
 3
 Sack filed a motion for reconsideration with the district court. He argued the district court erred in finding that the arrest occurred before his blood was withdrawn. Sack claimed that the evidence showed he was arrested after the blood test. In his motion for reconsideration, Sack also requested permission to amend his complaint. In his complaint, he alleged that he "was immediately placed under arrest at the scene" of the accident. R. 3 at 2. In a minute order, the district court denied Sack's motion for reconsideration. R. 40.
 
 
 4
 Sack appealed. He advanced several issues, including that the district court's qualified immunity finding was based on the court's erroneous conclusion about the timing of the arrest. He claimed further that he should have been allowed to amend his complaint. A panel of this court found that the district court stated its reasons for dismissing defendants "in two commendably thorough orders," and affirmed for substantially the reasons set forth by the district court. R. 42 at 2-3.
 
 
 5
 Sack then filed a separate § 1983 action against St. Francis Hospital and various hospital employees. At an evidentiary hearing, the named defendants in that action introduced the district court's orders in Sack v. Lowder --the action filed in the Eastern District of Oklahoma--as well as this court's affirmance. They argued that Sack's claims, including his claim that his blood was withdrawn before he was arrested, were barred by the doctrines of res judicata and collateral estoppel. Sack, on the other hand, maintained that the issue of prerequisite arrest was never argued in Sack v. Lowder. The district court found that Sack's claims were barred by collateral estoppel and res judicata, but suggested that Sack could file a motion to reopen Sack v. Lowder.
 
 
 6
 Sack appealed and a panel of this court agreed that collateral estoppel precluded relitigation of the claim that the blood test violated Sack's constitutional rights. Describing our earlier affirmance in Sack v. Lowder, we explained that the issue of the prerequisite arrest
 
 
 7
 has been finally adjudicated on the merits because the district court's finding in the prior action that Mr. Sack's blood was taken after he was arrested was necessary to the court's ultimate holding that Defendant officer had not violated Mr. Sack's clearly established statutory or constitutional rights and was therefore entitled to qualified immunity.
 
 
 8
 Sack v. St. Francis Hospital, No. 92-5106 (10th Cir. Mar. 1, 1993).
 
 
 9
 Before we issued our mandate in Sack v. St. Francis Hospital, Sack filed a motion with the district court to reopen Sack v. Lowder. Sack urged the district court, in the name of justice, to reconsider its finding of the prerequisite arrest. He claimed that the finding was not supported by the evidence that had been presented to the court.[1] The district court, in a minute order, denied the motion to reopen. R. 44. In this appeal, Sack challenges the district court's denial of his motion.[2] We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 10
 The district court may reopen a final judgment for any of the reasons stated in Fed.R.Civ.P. 60(b).[3] We review the denial of a Rule 60(b) motion for an abuse of discretion. Lyons v. Jefferson Bank & Trust, Nos. 92-1209, 1212, 1377, 1993 WL 136419, at * 11 (10th Cir. May 3, 1993). The district court may entertain a rule 60(b) motion to reopen a decision that has been affirmed on appeal without obtaining leave from the appellate court. Standard Oil Co. v. United States, 429 U.S. 17, 18-19 (1976). The district court, however, must "comply strictly with the mandate rendered by the reviewing court." Colorado Interstate Gas Co. v. Natural Gas Pipeline Co., 962 F.2d 1528, 1534 (10th Cir.), cert. denied, 113 S.Ct. 414 (1992). Construing Sack's pro se motion liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), it implicates 60(b)(1), which allows relief from a final judgment for "mistake, inadvertence, surprise or excusable neglect," and 60(b)(6), which allows relief for "any other reason justifying relief from the operation of the judgment."
 
 
 11
 As for the possibility that the district court erred in granting qualified immunity when its analysis hinged on the allegedly disputed issue of the timing of the arrest, we conclude that the error, if any, was not so obvious as to warrant relief under 60(b)(1). Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir.1991) (holding that relief under 60(b)(1) for correcting court's legal error "is available only for obvious errors of law, apparent on the record"), cert. denied, 113 S.Ct. 89 (1992). Even if Officer Lowder ordered the blood test before arresting Sack, it is not apparent from the record that Officer Lowder violated clearly established law.
 
 
 12
 In his motion, Sack submits that justice demands a remedy for the magnitude of the invasion of his Fourth Amendment rights. Rule 60(b)(6), allowing relief for any other reason, is viewed "as a 'grand reservoir of equitable power to do justice in a particular case.' " Id. at 1244 (citation omitted). In this circuit, however, that rule cannot be used "to alter the substantive content of a judgment once it has been affirmed on appeal except in extraordinary situations." Colorado Interstate Gas, 962 F.2d at 1534. We have reviewed the briefs and our decision from the earlier appeal and we are convinced, just as we were in Sack v. St. Francis Hospital, that the issue of the timing of the arrest was finally disposed of on the merits because it was necessary to our affirmance of the district court's holding that Officer Lowder was entitled to qualified immunity. Under the law of the case doctrine, the district court was bound by our mandate. See generally Anthony v. Baker, 955 F.2d 1395, 1397 n. 1 (10th Cir.1992) (law of the case doctrine encompasses both explicit and implicit decisions of reviewing court). Sack's request for relief is grounded on nothing more than evidence and arguments that have already been considered and dismissed by the district court and this court. Sack fails to make any showing of extraordinary circumstances. Therefore, no relief is available under Rule 60(b)(6). See Van Skiver, 952 F.2d at 1243 (affirming denial of Rule 60(b) motion that merely advanced the same arguments already addressed by the district court). In conclusion, the district court did not abuse its discretion in denying Sack's motion.
 
 
 13
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. Sack's motions to strike appellees' brief and to discipline appellees are DENIED.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Sack did not urge that his case should be reopened based on newly discovered evidence. Rather, he asked the district court to reexamine the same evidence that was in front of the court when it made its initial findings
 
 
 [2]
 Sack filed two notices of appeal. The appeals have been consolidated
 
 
 [3]
 Although not styled as such, we construe Sack's motion as a Rule 60(b) motion. Colorado Interstate Gas Co. v. Natural Gas Pipeline, 962 F.2d 1528, 1533 (10th Cir.1992) (construing motion to alter district court's judgment, filed after judgment had been affirmed on appeal, as Rule 60(b) motion), cert. denied, 113 S.Ct. 414 (1992)