54 F.3d 787
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lloyd W. HORRELL, Plaintiff-Appellant,
v.
Shirley CHATER, Commissioner, Social Security
Administration. Defendant-Appellee.
 No. 94-7085.
 United States Court of Appeals, Tenth Circuit.
 May 10, 1995.
 
 Before HENRY, McKAY, and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 McKAY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant LaDonna Horrell[2] appeals the district court's order affirming the Secretary's[3] denial of the application of claimant Lloyd W. Horrell for social security disability benefits. Claimant asserted that he had been disabled since December 1983 due to hypertension, degenerative disc disease, and severe bronchitis.
 
 
 3
 This court reversed the Secretary's initial denial of disability benefits, holding that the Secretary had erred in determining claimant remained capable of performing his past relevant work as a firefighter, whether that work was considered heavy work, as claimant had described it, or medium work, as described in the Labor Department's Dictionary of Occupational Titles. Horrell v. Sullivan, No. 89-7082, slip op. at 7 and n. 4, 11 (10th Cir. Jan. 29, 1991)(unpublished). This court remanded the case to the Secretary to determine whether claimant remained capable of performing other past relevant work and, if not, whether the Secretary could demonstrate that claimant was capable of performing any substantial gainful activity. Id. at 12.
 
 
 4
 Following a supplemental evidentiary hearing, the administrative law judge (ALJ) determined, at step five of the applicable five-step sequential analysis, see 20 C.F.R. 404.1520; see also Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988), that, although claimant could not perform any of his past relevant work, he remained capable of performing a full range of medium, light and sedentary work. Applying the pertinent medical-vocational guidelines (grids), see 20 C.F.R. Pt. 404, Subpt. P, App. 2, therefore, the ALJ concluded that claimant was not disabled. The Appeals Council denied review, making the ALJ's determination the Secretary's final decision. The district court upheld the Secretary's denial of benefits and this appeal followed.
 
 
 5
 This court reviews the Secretary's decision to determine only whether [the] findings are supported by substantial evidence and whether the Secretary applied correct legal standards when making [the] decision. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We cannot reweigh the evidence or substitute our judgment for that of the Secretary.
 
 
 6
 Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991) (citations omitted). At step five, the Secretary bears the burden of proving that claimant remains capable of performing work existing in significant numbers in the national economy. Ragland v. Shalala, 992 F.2d 1056, 1057 (10th Cir.1993).
 
 
 7
 On appeal, appellant asserts that the Secretary's decision was not supported by substantial evidence and that, in denying benefits, the Secretary erred in relying upon the vocational expert's (VE) response to an inaccurate hypothetical question.
 
 
 8
 The Secretary's determination, on remand, that claimant remained capable of performing a full range of medium work directly contradicted this court's prior order and judgment holding that claimant was unable to perform his past relevant medium work. The denial of benefits based upon the Secretary's subsequent determination that claimant could perform a full range of medium work, therefore, violated the law of this case and cannot be upheld. See Key v. Sullivan, 925 F.2d 1056, 1060-61 (7th Cir.1991)(applying doctrine of law of the case to Social Security disability case); see generally Anthony v. Baker, 955 F.2d 1395, 1397 and n. 1 (10th Cir.1992)(discussing doctrine of law of the case).
 
 
 9
 Nonetheless, the Secretary also determined that claimant could perform a full range of light and sedentary work. The record before this court contains substantial evidence to support this determination. Further, substantial evidence exists to support the Secretary's finding that claimant's residual functional capacity was not further limited by nonexertional impairments. The Secretary thus did not err in applying the grids to deny claimant disability benefits. See Ragland, 992 F.2d at 1058 (if claimant remains capable of performing full range of work at particular exertional level, ALJ may rely strictly on grids to determine whether claimant is disabled). Because application of the grids was appropriate, we need not consider claimant's challenge to the accuracy of the hypothetical question that the ALJ posed to the VE.
 
 
 10
 Appellant also argues that the Secretary failed to afford adequate weight to the disability determinations of the State of Florida and the Veterans' Administration, as well as the opinion of claimant's treating physician. These arguments are unpersuasive. For substantially the reasons stated in the magistrate judge's recommendation of January 31, 1994, as adopted by the United States District Court for the Eastern District of Oklahoma, therefore, we AFFIRM the denial of benefits.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court granted the motion of claimant's daughter, LaDonna Horrell, to be substituted as plaintiff in this case following claimant's death. See I R. at 11
 
 
 [3]
 While this appeal was pending, the Social Security Administration became an independent agency, currently headed by Commissioner Shirley Chater. Although we have substituted the Commissioner for the Secretary in the caption, see generally Fed. R.App. P. 43(c), in the text, we continue to refer to the Secretary because she was the appropriate party at the time of the agency's denial of benefits