**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATSY A. SMITH, an Individual,
d/b/a Little Peoples Ltd.,

      Plaintiff-Appellee,

v.

DEPARTMENT OF HUMAN
SERVICES, State of Oklahoma,
The ex rel; KATHY CALVIN,
individually, and in her official
capacity as a Department of Human
Services Employee; VIVIAN
CARLISLE, individually, and in her
official capacity as a Department of
Human Services Employee; JUDY
COLLINS, individually, and in her
official capacity as a Department of
Human Services employee; KAY
DODSON, individually, and in her
official capacity as a Department of
Human Services employee; SUSAN
HALL, individually, and in her
official capacity as a Department of
Human Services employee; SHERRI
KLYE, individually, and in her
official capacity as a Department of
Human Services employee; PAM S.
LAFERNEY, individually, and in her
official capacity as a Department of
Human Services employee; GEORGE
A. MILLER, individually, and in his
official capacity as Director of the
Oklahoma Department of Human
Services; TREENA S. ROSS,
individually, and in her official

No. 00-6046
(D.C. No. 99-CV-615)
(W.D. Okla.)

capacity as a Department of Human Services employee; MARLENE SMITH, individually, and in her official capacity as a Department of Human Services employee; DARLA YELL, individually, and in her official capacity as a Department of Human Services employee,

Defendants-Appellants.

---

## ORDER AND JUDGMENT [*]

---

Before **BRORBY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Patsy Smith operated a day care center until the State of Oklahoma revoked her child care facility license and canceled her Day Care Provider Contract and her participation in the Child and Adult Care Food Program. Defendants are employees, supervisors, and the present and past directors of the

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Oklahoma Department of Human Services. Plaintiff sued defendants under 42 U.S.C. §§ 1983 and 1985, alleging that they conspired to violate her property and liberty interests and her right to due process in violation of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. Defendants appeal from the district court's order denying their motion to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291 because the district court denied defendants' claim that their absolute or qualified immunity warranted dismissal. See Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 515 (10th Cir. 1998).

Defendants argue on appeal that: (1) the district court is without jurisdiction under the Eleventh Amendment to hear plaintiff's § 1983 claim for declaratory relief; (2) defendants Carlisle, Collins, Smith, Ross, and Yell are absolutely immune from suit based on their testimony at plaintiff's license revocation hearing; (3) defendant Miller is entitled to qualified immunity on plaintiff's claims against him; and (4) the facts alleged in the complaint do not overcome defendants' qualified immunity defense.

We review de novo the district court's denial of Eleventh Amendment immunity. See ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1186 (10th Cir. 1998). Defendants contend that the district court lacks jurisdiction over plaintiff's § 1983 claim because she seeks only a declaratory judgment. In fact,

plaintiff seeks a declaratory judgment that defendants' actions were unconstitutional; general, special, and punitive damages; and prospective injunctive relief. See Appellants' App. at 59. "[T]he Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's own State in Federal Court." Johns v. Stewart, 57 F.3d 1544, 1552 (10th Cir. 1995) (quotation omitted). This bar is not absolute, however. See id. at 1553. The district court lacks jurisdiction to enter a declaratory judgment alone in a § 1983 action. See id. However, the district court has jurisdiction to hear a § 1983 claim for prospective injunctive relief, and may enter an ancillary declaratory judgment in such a case. See id. Defendants' first argument is therefore without merit.

We are also not persuaded by defendants' argument that defendants Carlisle, Collins, Smith, Ross, and Yell are absolutely immune from suit based on their testimony at plaintiff's license revocation hearing. We review the denial of absolute immunity de novo. See Scott v. Hern, 216 F.3d 897, 908 (10th Cir. 2000). Whether a witness is entitled to absolute immunity or only qualified immunity hinges on whether the witness was more like a lay witness or a complaining witness under the common law. See Anthony v. Baker, 955 F.2d 1395, 1399-1400 (10th Cir. 1992); see also Malley v. Briggs, 475 U.S. 335, 340-43 (1986) (deciding that police officer having function of complaining witness is entitled only to qualified immunity, as at common law). "[W]hether [a

given defendant] was a complaining witness or a lay witness is a factual question to be resolved by the district court." Anthony, 955 F.2d at 1399-1400. Further, "[l]ike federal officers, state officers who 'seek absolute exemption from personal liability for unconstitutional conduct must bear the burden of showing that public policy requires an exemption of that scope.'" Malley, 475 U.S. at 340 (quoting Butz v. Economou, 438 U.S. 478, 506 (1978)). The district court therefore did not err in determining that the immunity question as to defendants Carlisle, Collins, Smith, Ross, and Yell depended on the resolution of factual issues that would be improper under Rule 12(b)(6). See Appellants' App. at 63.

Defendants next argue that defendant Miller is entitled to qualified immunity on plaintiff's claims against him. Mr. Miller is alleged to have been the Director of the Department of Human Services while most of the actions occurred about which plaintiff complains. See id. at 44. "Qualified immunity shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Baptiste v. J.C. Penney Co., 147 F.3d 1252, 1255 (10th Cir. 1998) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Because defendants' qualified immunity defense was raised in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), our review is de novo. See Breidenbach v. Bolish,

126 F.3d 1288, 1291 (10th Cir. 1997).  We consider only the amended complaint, construing plaintiff's allegations and any reasonable inferences drawn from them in her favor.   See Dill v. City of Edmond  , 155 F.3d 1193, 1203 (10th Cir. 1998). Because qualified immunity is asserted, however, the standard is somewhat different than in the typical Rule 12(b)(6) case.        See Breidenbach  , 126 F.3d at 1291.  That is, "we apply a heightened pleading standard, requiring the [amended] complaint to contain 'specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law.'"    Dill, 155 F.3d at 1204 (quoting    Breidenbach  , 126 F.3d at 1293). [2]  In addition, because defendant Miller was a supervisor, plaintiff cannot state a claim against him under § 1983 unless she "establish[es] 'a deliberate, intentional act by the supervisor to violate constitutional rights.'" Jenkins v. Wood  , 81 F.3d 988, 994-95 (10th Cir. 1996) (quoting       Woodward v. City of Worland  , 977 F.2d 1392, 1399 (10th Cir. 1992)).  "[I]t is not enough for

_____

[2]     This court has not yet decided whether the Supreme Court's decision in Crawford-El v. Britton  , 523 U.S. 574 (1998), requires us to modify this heightened pleading standard and we have continued to employ it.         See Ramirez v. Department of Corrections   , 222 F.3d 1238, 1241 n.2 (10th Cir. 2000).  Because the parties do not challenge this standard, we need not consider that question here.

-6-

a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation." Id. at 994.

Plaintiff alleges in her seventh cause of action that Mr. Miller failed to provide the same process of law to child care facility license holders as is given to other professional license holders. See Appellants' App. at 53. In her eighth and ninth causes of action, plaintiff alleges that defendant Miller caused the violation of her civil rights through his negligent supervision and training of other defendants who were his employees. See id. at 54-56.

The allegations in plaintiff's seventh cause of action are insufficient to state an equal protection claim against defendant Miller. In her complaint, she asserts that child care facility license holders are treated differently than other professional license holders. See id. at 53. In her brief on appeal, she argues that her day care center was treated differently than other centers. See Appellee's Br. at 26. In either case, her allegations are conclusory and nonspecific, and she fails to allege that defendant Miller knew about and acquiesced in the alleged violations of her rights by other defendants. See Jenkins , 81 F.3d at 995.

Plaintiff's eighth and ninth claims, alleging that Mr. Miller failed to train his employees, are likewise insufficient. Plaintiff alleges no more than that Mr. Miller was director when his subordinates took actions about which she complains. See Appellants' App. at 44-46, 54-55. In essence, these claims assert

liability on the part of Mr. Miller under the theory of respondeat superior. That doctrine, however, cannot support liability under § 1983. <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 691 (1978). Plaintiff's claims against defendant Miller must be dismissed.

We do not address defendants' argument that plaintiff had no property interest in her day care license because defendants did not raise this issue in the district court. <u>See</u> <u>Singleton v. Wulff</u>, 428 U.S. 106, 120 (1976).

Appellee's motion to certify questions of state law is denied. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part and REVERSED in part, and the case is REMANDED for additional proceedings.

Entered for the Court

Michael R. Murphy
Circuit Judge