9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barbara SCHWARZ, Plaintiff-Appellant,
v.
CHURCH OF SCIENTOLOGY INTERNATIONAL, in Los Angeles CA,
their executives; Utah State Department of
Corrections, Defendants-Appellees.
 Nos. 93-4082, 93-4092.
 United States Court of Appeals,
 Tenth Circuit.
Nov. 2, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Barbara Schwarz, appearing pro se, filed actions for monetary and injunctive relief against the Church of Scientology International (CSI) and Utah State Department of Corrections. Both suits were driven by Ms. Schwarz' attempts to ascertain the whereabouts of Mark Rathbun, whom Ms. Schwarz alleges is her husband. Her complaint against CSI alleges that Mr. Rathbun is a high official in that organization, and that CSI knows where he is but refuses to tell her. Her suit against the Department asserts that Mr. Rathbun is incarcerated at one of the Department's institutions and seeks a court order allowing her to personally search for him in the Department's facilities. The district court consolidated the cases and, after a hearing, granted CSI's motion to dismiss for failure to state a claim for relief and the Department's motion for summary judgment. We affirm.[2]
 
 
 3
 CSI argued below that the court lacked personal jurisdiction over it due to a lack of minimum contacts and, alternatively, that Ms. Schwarz had failed to state a claim for relief. The court ruled that it had jurisdiction but granted CSI's motion to dismiss. We agree with the district court's conclusion that Ms.Schwarz has presented no legally cognizable theory to support her claim that CSI's failure to reveal the whereabouts of Mr. Rathbun entitles her to relief in federal court.
 
 
 4
 The Department filed a motion for summary judgment, supported by documents showing that the Department had searched its records and that Mark Rathbun was not then and never has been incarcerated or supervised under its authority. The court considered this material together with that presented by Ms. Schwarz and granted summary judgment for the Department. We have carefully reviewed the court's ruling, and we affirm substantially for the reasons set out therein.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 We grant Ms. Schwarz' motions to exceed page limits and her motion to expedite