48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barbara SCHWARZ, Plaintiff-Appellant,
v.
CHURCH OF SCIENTOLOGY INTERNATIONAL, in Los Angeles, CA
their current executives; Utah State Department
of Corrections, Defendant-Appellee.
 No. 94-4072.
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Barbara Schwarz appeals from the district court's dismissal of several post-trial motions. Ms. Schwarz had previously filed actions for monetary and injunctive relief against the Church of Scientology and the Utah State Department of Corrections. The district court granted the Church's motion to dismiss and we affirmed, concluding that Ms. Schwarz had presented no legally cognizable claim against the Church that entitled her to relief in federal court. See Schwarz v. Church of Scientology Int'l, 9 F.3d 117 (Table), Nos. 93-4082, 93-4092, 1993 WL 444553 (10th Cir. Nov. 2, 1993), cert. denied, 114 S.Ct. 1082 (1994).
 
 
 3
 Ms. Schwarz, who has appeared pro se throughout these proceedings, filed all of the post-trial motions that are the subject of this appeal after she had filed her notice of appeal but within one year of the district court's decision. Most of the motions were filed after this court had affirmed the district court's ruling and after the Supreme Court had denied certiorari. Several of the motions sought to correct alleged errors in the docket sheet and transcripts and to protest delays in receiving a transcript. Ms. Schwarz also requested that the district judge declare a mistrial and recuse himself. The district court held a hearing after certiorari had been denied and ruled from the bench that any inaccuracies in the record were to be corrected. However the court denied the motions pertaining to Ms. Schwarz' remaining claims because the case had been dismissed.
 
 
 4
 The motions which the court denied are premised on Ms. Schwarz' assertion that she is entitled to relief in federal court on her claim against the Church.[2] However, it is the law of the case that she is not. Under the law-of-the-case doctrine, once this court has finally determined an issue and the Supreme Court has denied certiorari, the district court is bound by that decision in subsequent proceedings in the same case. See Anthony v. Baker, 955 F.2d 1395, 1397 & n. 1 (10th Cir.1992); Mason v. Texaco, Inc., 948 F.2d 1546, 1553 (10th Cir.1991), cert. denied, 112 S.Ct. 1941 (1992). The doctrine encompasses both a court's explicit decisions and those issues decided by necessary implication. See Anthony, 955 F.2d at 1397 n. 1. Because this court has already concluded that Ms. Schwarz' claims against the church are subject to dismissal, and because the substance of the motions at issue here are grounded on those claims, the district court correctly dismissed the motions.[3]
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In addressing this appeal, we assume without deciding that the district court correctly entertained these pro se post-trial motions as cognizable in that court under the Federal Rules of Civil Procedure
 We also observe that although Ms. Schwarz' recusal motion is not included in the record on appeal, the pleadings we do have indicate that she believes the district judge was biased because he did not rule in her favor. "[A] motion to recuse cannot be based solely on adverse rulings." Willner v. University of Kansas, 848 F.2d 1023, 1028 (10th Cir.1988), cert. denied 488 U.S. 1031 (1989).
 
 
 [3]
 We grant Ms. Schwarz leave to proceed in forma pauperis. We deny the remaining motions she had filed in this court as rendered moot by our affirmance of the district court's dismissal