Vernon E. WAGNER, Petitioner,

v.

BOARD OF COUNTY COMMISSIONERS OF RIO BLANCO COUNTY, Colorado; and Ron Hilkey, Sheriff of Rio Blanco County, Respondents.

No. 95SC680.

Supreme Court of Colorado, En Banc.

March 10, 1997.

Worrell, Griffith, Durrett & Jaynes, P.C., Karen S. Renne, Glenwood Springs, for Petitioner.

No Appearance on Behalf of Respondent Board of County Commissioners of Rio Blanco County.

Younge & Hockensmith, P.C., Earl G. Rhodes, Kevin R. Kennedy, Grand Junction, for Ron Hilkey, Sheriff of Rio Blanco County.

Chief Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to determine whether the court of appeals properly affirmed the

trial court's dismissal of the petitioner's malicious prosecution claim by determining that the respondent, as a grand jury witness, was entitled to absolute immunity from subsequent civil liability for his testimony before the grand jury. We affirm the court of appeals and hold that grand jury witnesses are entitled to absolute immunity from civil liability for their grand jury testimonies.

## I.

The petitioner, Vernon E. Wagner (Wagner), was a breeder and seller of registered quarter horses at his ranch near Meeker, Colorado. In March of 1987, John Singer (Singer), who had boarded mares at Wagner's ranch, told the Rio Blanco County Sheriff's Department that Wagner had sold colts belonging to Singer without Singer's authorization and had forged Singer's name on American Quarter Horse Association (AQHA) certificates. A second individual, Joni Veloshin (Veloshin), also reported in 1987 that someone had forged her signature on an AQHA certificate.

The respondent, Ron Hilkey (Sheriff Hilkey), as the Sheriff of Rio Blanco County, investigated Singer's complaints. A grand jury then convened and heard testimony from Sheriff Hilkey, Wagner, Singer, and Veloshin. In December of 1987, the grand jury indicted Wagner on four counts of forgery and one count of theft. In July of 1988, Wagner was acquitted of these charges after a jury trial.

In June of 1989, Wagner initiated the present civil action against Sheriff Hilkey and the Rio Blanco County Board of County Commissioners (Board of County Commissioners), alleging negligent supervision, negligent investigation, malicious prosecution, abuse of process, outrageous conduct, slander, and violation of Wagner's constitutional rights pursuant to 42 U.S.C. § 1983. On pretrial motions, the trial court dismissed Wagner's claims against the Board of County Commissioners. The trial court also dismissed Wagner's claims against Sheriff Hilkey for negligent investigation, slander, and violation of Wagner's constitutional rights pursuant to 42 U.S.C. § 1983. Additionally, the trial court granted Sheriff Hilkey's motion *in limine* to exclude his grand jury testimony.

On May 23, 1994, a jury trial commenced on the remaining three claims against Sheriff Hilkey. At the end of trial, the trial court concluded that no evidence had been presented to rebut the presumption of probable cause for the criminal charges against Wagner. Consequently, the trial court dismissed Wagner's claim against Sheriff Hilkey for malicious prosecution. The jury then returned a verdict in favor of Sheriff Hilkey on the claims of outrageous conduct and abuse of process.

On appeal, the court of appeals affirmed the trial court's judgment in favor of Sheriff Hilkey, holding that all of Wagner's claims against Sheriff Hilkey should have been dismissed because Sheriff Hilkey was protected by absolute immunity from subsequent civil liability for his testimony before the grand jury.

## II.

■ The issue of whether a grand jury witness is entitled to absolute immunity from subsequent civil liability for his or her testimony is one of first impression in Colorado. We therefore turn to other courts for guidance in determining whether the court of appeals properly held that Sheriff Hilkey was entitled to absolute immunity for his grand jury testimony in this case.

In the leading case on this issue, *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), a police officer testified as a lay witness at a trial, then sought immunity from civil liability for his testimony. The United States Supreme Court held that trial witnesses in criminal proceedings are entitled to absolute immunity from subsequent civil liability for their trial testimony. *Id.* at 345–46, 103 S.Ct. at 1120–21. In extending absolute immunity to witnesses, the *Briscoe* Court reasoned that the principles which support granting absolute immunity to

judges and prosecutors "also apply to witnesses, who perform a somewhat different function in the trial process but whose participation in bringing the litigation to a just ... conclusion is equally indispensable." *Id.* The possibility that witnesses in criminal proceedings may knowingly provide false testimony does not eliminate their absolute immunity from subsequent civil liability for such testimony. *See id.* at 345, 103 S.Ct. at 1120–21.

In determining whether to grant police officers absolute immunity for their testimony during criminal proceedings, the *Briscoe* Court held that "immunity analysis rests on functional categories, not on the status of the [witness]." *Id.* at 342, 103 S.Ct. at 1119. Thus, the central focus of the *Briscoe* Court's analysis was the nature of the proceeding itself. *Id.* at 334, 103 S.Ct. at 1115. The Court determined that the function of a judicial proceeding is to determine where the truth lies, and as such, its participants are protected by absolute immunity so that they may be encouraged to disclose all pertinent information within their knowledge. *Id.* at 335, 103 S.Ct. at 1115–16. Additionally, the *Briscoe* Court determined that a police officer, when appearing as a witness, performs the same functions as any other witness sworn to tell the truth. *Id.* at 342, 103 S.Ct. at 1119. The Court therefore concluded that absolute immunity is fully applicable to police officers who testify in judicial proceedings. *Id.* at 342–43, 103 S.Ct. at 1119–20.

Although the holding in *Briscoe* is limited to witnesses who testify during trials, a majority of the federal circuit courts addressing this issue have extended absolute immunity to witnesses who testify before grand juries, reasoning that grand jury proceedings qualify as judicial proceedings. *See, e.g., Lyles v. Sparks,* 79 F.3d 372, 378 (4th Cir.1996) (extending absolute immunity to witnesses who testify before grand jury); *Grant v. Hollenbach,* 870 F.2d 1135, 1139 (6th Cir.1989) (holding that grand jury witnesses are absolutely immune from civil liability for their grand jury testimony); *Kincaid v. Eberle,* 712 F.2d 1023, 1024 (7th Cir.1983) (stating that argument for absolute immunity is

stronger in grand jury setting than in trial setting because false testimony before grand jury is less harmful than false testimony at trial); *Anthony v. Baker,* 955 F.2d 1395, 1400 (10th Cir.1992) (holding that grand jury proceeding is integral to judicial phase of criminal process and therefore witnesses are entitled to absolute immunity); *Strength v. Hubert,* 854 F.2d 421, 424 (11th Cir.1988) (holding that, under functional analysis, grand jury proceedings constitute judicial proceedings); *Briggs v. Goodwin,* 712 F.2d 1444, 1448–49 (D.C.Cir.1983) (holding that witnesses are entitled to absolute immunity when they testify before a grand jury because such a proceeding is part of judicial phase, the function of which is to ascertain factual information). *But see White v. Frank,* 855 F.2d 956 (2d Cir.1988).

In Colorado, we have adopted the *Briscoe* Court's functional approach for determining whether to grant absolute immunity. *See Higgs v. District Court,* 713 P.2d 840, 853 (Colo.1985) (applying functional approach in determining whether prosecutorial conduct was entitled to absolute immunity). In the current case, therefore, we must utilize the functional approach to determine whether grand jury proceedings constitute "judicial proceedings" such that grand jury witnesses are entitled to absolute immunity from subsequent civil liability for their testimony.

The function of a grand jury proceeding is to determine the true facts of a case in order to decide whether to indict a criminal defendant. This function closely resembles that of a trial, which is to determine the true facts of a case in order to decide whether to convict a criminal defendant. Additionally, the United States Supreme Court has held that a prosecutor seeking an indictment is in the judicial phase of a criminal proceeding. *See Malley v. Briggs,* 475 U.S. 335, 343, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986). It thus follows that the grand jury, which decides whether to indict, is also part of the judicial phase. As such, we hold that grand jury proceedings constitute judicial proceedings which entitle participants to absolute immunity from subsequent civil liability.

■ Wagner argues that Sheriff Hilkey is not entitled to absolute immunity because he is a police officer. We disagree. Sheriff Hilkey's status as a police officer does not eliminate his absolute immunity because his status is irrelevant in our functional approach for determining whether to grant absolute immunity. When Sheriff Hilkey appeared as a witness at the grand jury proceedings in this case, he performed the same functions as any other witness sworn to tell the truth. Therefore, Sheriff Hilkey's function, not his status as a police officer, determines that he is absolutely immune from civil liability for his grand jury testimony in this case. *See Briscoe*, 460 U.S. at 345, 103 S.Ct. at 1120–21.

■ Moreover, Wagner contends that Sheriff Hilkey is a complaining witness and is therefore not entitled to absolute immunity. We reject the contention that Sheriff Hilkey is a complaining witness in this case. A complaining witness is a person who actively instigates or encourages the prosecution of the plaintiff. *See Anthony*, 955 F.2d at 1399 n. 2. In this case, the complaining witnesses are clearly Singer and Veloshin, the individuals who complained to Sheriff Hilkey about Wagner's business activities. Sheriff Hilkey was merely the investigating officer and cannot be characterized as instigating Wagner's prosecution. Because we find that Sheriff Hilkey is not a complaining witness, we need not determine whether complaining witnesses are entitled to absolute immunity or qualified immunity for their grand jury testimony.

■ Additionally, Wagner argues that Sheriff Hilkey is entitled only to qualified immunity in this case because his grand jury testimony related to his investigative activities.[1] We disagree. Sheriff Hilkey's investigative activities were limited to his interviews with Singer, Veloshin, and other persons who engaged in business with Wagner. In contrast, when Sheriff Hilkey testified before the grand jury, he was no longer acting as an investigator. Instead, he was relating his interviews of witnesses. As such, Sheriff Hilkey's testimony before the grand jury served a judicial function and is properly characterized as being part of the judicial process. Sheriff Hilkey's grand jury testimony therefore is entitled to absolute immunity, regardless of the content of such testimony.[2]

### III.

Pursuant to the functional approach, and in accordance with the majority of federal jurisdictions which have addressed this issue, we hold that witnesses who testify at grand jury proceedings are entitled to absolute immunity for such testimony. Accordingly, when Sheriff Hilkey testified before the grand jury in this case, he was functioning as a witness in a judicial proceeding and was thus entitled to absolute immunity from civil liability for his testimony. We therefore affirm the court of appeals.

KOURLIS, J., does not participate.

1. In *Higgs v. District Court*, 713 P.2d 840, 853 (Colo.1985), this court held that an official's advocatory activities are entitled to absolute immunity, whereas an official's investigative activities are entitled only to qualified immunity.

2. On pretrial motions, the trial court dismissed Wagner's claims against Sheriff Hilkey for negligent investigation. Although the claim for negligent investigation would have implicated the sheriff's qualified immunity, the dismissal of that claim is not within the scope of this appeal. Therefore, Wagner is foreclosed from maintaining an action against Sheriff Hilkey for his investigative activities.