849 F.2d 74
 David DALOIA, Plaintiff-Appellant,
v.
Charles ROSE, Assistant United States Attorney, Robert Shea,
F.B.I. Agent, Ronald Kosednar, Special F.B.I. Agent, John
Coleman, Special F.B.I. Agent, Robert Daley, New York City
Police Officer, Defendants-Appellees.
 No. 883, Docket 87-2489.
 United States Court of Appeals,
Second Circuit.
 Submitted April 4, 1988.
Decided June 10, 1988.
 
 David Daloia, pro se.
 Andrew J. Maloney, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Robert L. Begleiter, M. Lawrence Noyer, Jr., Asst. U.S. Attys., Brooklyn, N.Y., of counsel), for Federal defendants-appellees.
 Dana Robbins, Asst. Corp. Counsel for the City of New York, New York City, for defendant-appellee Daley.
 Before OAKES and WINTER, Circuit Judges, and CEDARBAUM, District Judge.*
 PER CURIAM:
 
 
 1
 Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), held that law enforcement officers are entitled to absolute immunity from liability in actions under 42 U.S.C. Sec. 1983 (1982) for monetary damages resulting from the officer's testimony at criminal trials. This appeal presents a question arguably left open in Briscoe: whether absolute immunity also attaches to officers for their testimony at pretrial adversary proceedings. We join the other courts who have considered the issue in holding that it does.
 
 
 2
 Plaintiff-appellant David Daloia was one of several persons arrested on September 24, 1982 and charged with bank robbery. According to Daloia, the house at which he was arrested was searched without a warrant. After a two-day suppression hearing held in December 1982, the evidence seized at the house was found admissible. After a jury trial, Daloia was convicted on all counts and is presently incarcerated at Lewisburg Correctional Facility in Pennsylvania.
 
 
 3
 In December 1984, Daloia filed the present action under 42 U.S.C. Sec. 1983 seeking damages and injunctive relief against the federal prosecutor who tried the case and against the F.B.I. agents and New York City police officer who testified at the suppression hearing. He claimed that the agents and the officer perjured themselves at that hearing and that two of the agents also lied at his trial. He also asserted that the prosecutor knowingly presented the agents' and officer's false testimony, used a guilty plea allocution for investigative purposes, and transmitted false information to New York State parole authorities.
 
 
 4
 The district court held that all defendants were entitled to absolute immunity under Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), and Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984, 995-96, 47 L.Ed.2d 128 (1976), and that Daloia's claims for injunctive relief were without merit because he had an adequate remedy at law. The district judge then dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d) (1982). Daloia filed a timely notice of appeal from the district court's decision.
 
 
 5
 Taking into account that a pro-se complaint is "not subject to as rigorous a standard as formal pleadings prepared by an attorney," Washington v. James, 782 F.2d 1134, 1138 (2d Cir.1986) (citing Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam)), we construe Daloia's Section 1983 claim as a Bivens action against the federal defendants. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).
 
 
 6
 The prosecutor's activities in this case were all "intimately associated with the judicial phase of the criminal process," Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); see Barr v. Abrams, 810 F.2d 358, 360-61 (2d Cir.1987), and he is therefore entitled to absolute immunity. Similarly, Briscoe v. LaHue immunizes the F.B.I. agents from any action based upon their testimony at Daloia's trial. 460 U.S. at 342-46, 103 S.Ct. at 1119-21.
 
 
 7
 Daloia's remaining claim is against the F.B.I. agents and the arresting New York City police officer for their testimony at the pretrial suppression hearing. This claim is made possible by a footnote in Briscoe v. LaHue which stated that:
 
 
 8
 [t]he petition [for writ of certiorari] does not raise the question of immunity for testimony at pretrial proceedings such as probable-cause hearings, nor does petitioners' brief discuss whether the same immunity considerations that apply to trial testimony also apply to testimony at probable-cause hearings. We therefore do not decide whether respondent LaHue is entitled to absolute immunity for allegedly false testimony at two probable-cause hearings regarding petitioner Briscoe.
 
 
 9
 Id. at 328-29 n. 5, 103 S.Ct. at 1112 n. 5. However, the Ninth Circuit recently held that there is "no principled basis for distinguishing between the [adversarial] pretrial proceedings and the trial on the merits in determining whether absolute immunity should be granted to a police officer witness." Holt v. Castaneda, 832 F.2d 123, 125 (9th Cir.1987); see also, Myers v. Morris, 810 F.2d 1437, 1466 (8th Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987); Tripati v. INS, 784 F.2d 345, 348 (10th Cir.1986). We agree with that observation and with the conclusion that "[i]n adversarial pretrial proceedings as well as at trial, absolute witness immunity is essential if the truth-seeking function of the proceeding is to be fully served." Id. at 127. Accordingly, we hold that police officers who testify at adversarial pretrial proceedings are entitled to absolute immunity from liability based on that testimony.
 
 
 10
 We have considered Daloia's other arguments, including his claim that the federal defendants failed to raise the defense of absolute immunity, and have found them to be unsupported by the record.
 
 
 11
 Affirmed.
 
 
 
 *
 The Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, sitting by designation