101 F.3d 683
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Melvin P. DEUTSCH, Petitioner-Appellant,
v.
Calvin MORTON, Warden, M.D.C. Brooklyn, Respondent-Appellee.
 No. 95-2166.
 United States Court of Appeals, Second Circuit.
 April 30, 1996.
 
 APPEARING FOR APPELLANT: Melvin P. Deutsch, Loretto, Pennsylvania, pro se.
 APPEARING FOR APPELLEE: Tanya Y. Hill, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York.
 E.D.N.Y.
 AFFIRMED.
 Before VANGRAAFEILAND, MAHONEY and WALKER, Jr., Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court be and it hereby is AFFIRMED.
 
 
 3
 1. Petitioner-appellant Melvin P. Deutsch appeals from an order entered February 21, 1995 in the United States District Court for the Eastern District of New York that denied his petition for a writ of habeas corpus and a writ of mandamus. Deutsch filed the instant petition seeking injunctive relief and damages as compensation for allegedly unconstitutional treatment that he endured while in custody at the Metropolitan Detention Center ("MDC"). The district court dismissed the petition as moot, noting that Deutsch had been transferred from the MDC.
 
 
 4
 2. Because Deutsch's claims concern the conditions of his confinement at the MDC, and not the constitutionality of his criminal convictions, this petition should be construed as a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Cf. Daloia v. Rose, 849 F.2d 74, 75 (2d Cir.) (per curiam) (construing § 1983 complaint as Bivens complaint), cert. denied, 488 U.S. 898 (1988). A transfer between prisons renders moot a suit for injunctive relief, but not an action for damages. See Young v. Coughlin, 866 F.2d 567, 568 n. 1 (2d Cir.), cert. denied, 492 U.S. 909 (1989). Nonetheless, it was appropriate for Judge Korman to dismiss the instant petition, because Deutsch failed to allege that respondent-appellee Calvin Morton bore any personal responsibility for the alleged violations. See Black v. United States, 534 F.2d 524, 527-28 (2d Cir.1976). Furthermore, in light of Deutsch's long history as a vexatious litigant, Judge Korman did not abuse his discretion by dismissing the petition without providing Deutsch leave to amend.