Jonah NWAOKOCHA a/k/a Johnson
MBA, Plaintiff–Appellee,

v.

Kathleen M. HAGGE, c/o Ms. Rosanna
Licitra, Regional Director U.S. Customs Service, John A. Marshall, et al.,
U.S. Marshal Service, and Doctors, et
al., of Mary Immaculate Hospital
Queens New York, Defendants–Appellants.

Docket No. 02–0057.

United States Court of Appeals,
Second Circuit.

Sept. 26, 2002.

Jonah Nwaokocha, pro se, Fort Dix, NJ,
Appearing for Appellee.

Deborah B. Zwany, Kathleen A. Nandan, United States Attorney's Office for
the Southern District of New York, New
York, NY, Appearing for Appellant.

Present: FEINBERG, CABRANES
and MAGILL * Circuit Judges.

SUMMARY ORDER

**ON CONSIDERATION WHEREOF,
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the
judgment of the District Court be and it
hereby is **AFFIRMED.**

Jonah Nwaokocha ("Nwaokocha"), *pro
se, in forma pauperis,* appeals the District
Court's grant of the defendants'motion,
filed pursuant to Fed.R.Civ.P. 12(b)(6), to
dismiss Nwaokocha's civil rights claims,
raised pursuant to 42 U.S.C. § 1983, and
grant of the defendants' motion for sum-

---

\* Of the United States Court of Appeals for the   Eight Circuit, sitting by designation.

mary judgment, filed pursuant to Fed. R.Civ.P. 56, as to the rest of Nwaokocha's claims.

We review *de novo* decisions both on motions to dismiss and for summary judgment, drawing all factual inferences and resolving all ambiguities in favor of the nonmoving party. *Manning v. Utilities Mut. Ins. Co.*, 254 F.3d 387, 391 (2d Cir. 2001). Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Tri-State Employment Services, Inc. v. Mountbatten Sur. Co.*, 295 F.3d 256, 260 (2d Cir.2002).

Nwaokocha's complaint, filed on January 29, 2001, arises out of the incidents following Nwaokocha's arrest on December 6, 1997, for drug smuggling. According to the facts alleged in Nwaokocha's complaint, Nwaokocha arrived in the United States on December 6, 1997, internally transporting eighty balloons of heroin. Nwaokocha was arrested upon his arrival at John F. Kennedy Airport, and transported to Mary Immaculate Hospital in Queens ("MIH"), New York, where doctors performed emergency surgery to remove the leaking balloons from Nwaokocha's abdomen.

Nwaokocha now brings constitutional claims against Kathleen Haage, Area Director, New York and New Jersey, U.S. Customs Service, Rosanna Licitra, Special Agent of the U.S. Customs Service, and John Marshall, former Director of the United States Marshals Service ("the federal defendants"), and medical malpractice claims against "Doctors et al. of Mary Immaculate Hospital" ("the MIH defendants").

Nwaokocha styled his complaint against the federal defendants as arising under 42 U.S.C. § 1983 for violations of his Fourth, Fifth, Eight, Thirteenth, and Fourteenth Amendment rights. Section 1983 is not a claim available against federal defendants, and so we construe Nwaokocha's claim liberally as arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See Daloia v. Rose*, 849 F.2d 74, 75 (2d Cir. 1988) (construing a *pro se* § 1983 complaint against federal defendants as arising under *Bivens*).

However, Nwaokocha has failed to state a claim under *Bivens*. Liability may not be established under *Bivens* on a pure *respondeat superior* theory. *Ellis v. Blum*, 643 F.2d 68, 85 (2d Cir.1981). Nwaokocha has admitted that he was aware of no direct involvement whatsoever by the named federal defendants but that he sued them purely in their supervisory capacity. He thus failed to state a claim under *Bivens*, and the District Court's dismissal of these claims against the federal defendants was correct.

The District Court also did not err in granting summary judgment to the MIH defendants. We construe Nwaokocha's claims against the MIH defendants as a claim for medical malpractice. In New York State, the statute of limitations for medical malpractice is two years and six months from the date of the act or omission complained of. N.Y. C.P.L.R. 214 a. Here, Nwaokocha was discharged from MIH on December 12, 1997. He filed his complaint three years and forty-five days after his date of discharge, outside of the limitations period.

Nwaokocha's arguments are unavailing that the statute of limitations should be tolled because of his incarceration and insanity. Incarceration does not toll the statute of limitations, N.Y. C.P.L.R. 208, and Nwaokocha's alleged insanity com-

menced after the end of the limitations period.

The judgment of the District Court is **AFFIRMED.**