**Agwu NWOKE, Plaintiff–Appellant,**

v.

**Stuart E. PALMER, Defendant–Appellee.**

No. 03–1325.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 21, 2004.*

Decided Nov. 8, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before RIPPLE, MANION, and WILLIAMS, Circuit Judges.

## ORDER

### I

### BACKGROUND

In early 1997, police in Illinois began investigating Agwu Nwoke for Medicaid fraud and practicing medicine without a license. During the investigation, Cook County Circuit Judge Stuart Palmer signed a warrant permitting Sergeant Cleotha Jones to search the medical center where Mr. Nwoke supposedly worked. In 2002, after the warrant had been executed and Mr. Nwoke had been convicted of fraud, he filed a complaint in an Illinois court against Sergeant Jones, alleging that she had forged Judge Palmer's signature on the warrant and asking for damages in excess of $30,000. As part of that suit, Mr. Nwoke served a set of written questions on Judge Palmer, asking among other things, "On what date and at what time, did Judge Stuart E. Palmer sign the Complaint for Search Warrant?" The judge answered, "March 12, 1997 at 10:00 a.m.," which is consistent with the date noted on the warrant. During a later bench trial on Mr. Nwoke's claims, Judge Palmer testified consistently with his deposition testimony [1] that he signed the complaint for the search warrant on the date and time indicated.

Meanwhile, before trial commenced in his suit against Sergeant Jones, Mr. Nwoke sued Judge Palmer in federal court under 42 U.S.C. § 1983, alleging that he had lied in response to the written queries and by so doing had violated Mr. Nwoke's civil rights. The district court dismissed Mr. Nwoke's complaint and he appealed, but because the district court had not provided a written statement of reasons for terminating the suit, we remanded the case under Circuit Rule 50 for the limited purpose of obtaining clarification for the dismissal. Having now received the revised

---

1. The parties characterize Mr. Nwoke's submissions to the judge as "interrogatories" (*see, e.g.,* R:1, Complaint; Appellant Br. at 4). This is a misnomer. An interrogatory is a "written question ... submitted to an *opposing party.*" *Black's Law Dictionary* (7th ed.1999) (emphasis added). Judge Palmer, however, was not a party to Mr. Nwoke's suit against Sergeant Jones. Accordingly, Judge Palmer's answers are more appropriately termed "deposition testimony" taken via written questions pursuant to Illinois Supreme Court Rule 202.

order and the parties' supplemental briefs, the case is ready for decision.

## II

## ANALYSIS

Although the district court advanced several reasons for dismissing Mr. Nwoke's suit, we may affirm the judgment on any basis supported by the record. *Vargas–Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir.2001). We now do so on the basis of witness immunity. We review de novo the dismissal of Mr. Nwoke's complaint on grounds of immunity, and accept as true all well-pleaded allegations in Mr. Nwoke's complaint and draw all reasonable inferences in his favor. *Manning v. Miller*, 355 F.3d 1028, 1031 (7th Cir.2004). If after review, however, we determine that Mr. Nwoke cannot prove any set of facts consistent with his complaint that would entitle him to relief, we shall affirm the dismissal of his complaint. *Id.*

Absolute immunity from suit is extended to individuals who provide testimony in judicial proceedings. *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Curtis v. Bembenek*, 48 F.3d 281, 284 (7th Cir.1995). The rationale for doing so is straightforward: without immunity, witnesses might be reluctant to come forward and, even if they did, might shade their testimony and "deprive the finder of fact of candid, objective, and undistorted evidence." *Briscoe*, 460 U.S. at 333, 103 S.Ct. 1108. Even though the question certified in *Briscoe* was whether a police officer had immunity for testimony given in a criminal trial, courts have interpreted its holding broadly and extended it, for example, to civil actions, *see, e.g., Meyers v. Contra Costa County Dep't of Soc. Serv.*, 812 F.2d 1154, 1156 (9th Cir.1987); *Myers v. Morris*, 810 F.2d 1437, 1466–67 (8th Cir.1987), *abrogated on other grounds by Burns v. Reed*, 500 U.S. 478, 111 S.Ct.

1934, 114 L.Ed.2d 547 (1991), pretrial hearings, *see, e.g., Moore v. McDonald*, 30 F.3d 616, 619–20 (5th Cir.1994); *Daloia v. Rose*, 849 F.2d 74, 75–76 (2d Cir.1988), and even grand jury proceedings, *see, e.g., Kincaid v. Eberle*, 712 F.2d 1023, 1023–24 (7th Cir.1983) (per curiam); *Lyles v. Sparks*, 79 F.3d 372, 378 (4th Cir.1996); *Kelly v. Curtis*, 21 F.3d 1544, 1553 (11th Cir.1994).

We need not, however, canvas the entire range of authority to decide the issue here, for given the facts presented, we need look no further than our own decision in *Buckley v. Fitzsimmons*, 919 F.2d 1230 (7th Cir.1990), *rev'd in part on other grounds*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). In *Buckley*, we upheld a grant of absolute immunity to expert witnesses for pretrial activities—evaluating evidence, compiling reports, talking with prosecutors—in preparing to testify. *Id.* at 1244–45. We reasoned that *Briscoe* would offer "a hollow immunity" if a party "could turn around and say, in effect: 'True, your delivery of bad testimony is immunized, but preparing to deliver that testimony is not, so I can litigate the substance of your testimony.'" *Id.* at 1245.

The same result obtains here. If Mr. Nwoke could sue Judge Palmer for his deposition testimony, Mr. Nwoke would be allowed to circumvent the absolute bar to suit for the same testimony given in open court. Just as in *Buckley*, the gravamen of the complaint is the substance of Judge Palmer's statement that he signed the search warrant when he did, irrespective of whether that testimony was delivered in court or through pleadings submitted by the parties. "Substance," however, "is exactly what *Briscoe* puts off limits," *id.* at 1245; *Newsome v. McCabe*, 319 F.3d 301, 304 (7th Cir.2003), which is why we must conclude that Judge Palmer is entitled to absolute immunity for his deposition testi-

mony and why Mr. Nwoke's complaint must be dismissed.

## Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED