21-2513-cv
Selvam v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand twenty-two.

PRESENT:  ROBERT D. SACK,
                      RAYMOND J. LOHIER, JR.,
                      MYRNA PÉREZ,
                                    *Circuit Judges*.

------------------------------------------------------------------

KAMALADOSS SELVAM,

                      *Plaintiff-Appellant*,

            v.                                              No. 21-2513-cv

UNITED STATES OF AMERICA, PATRICK

CONNOR,

*Defendants-Appellees,*

UNKNOWN DEFENDANTS,

*Defendants.*[*]

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Kamaladoss Selvam, *pro se*, Ridgewood, NY

FOR DEFENDANTS-APPELLEES: Varuni Nelson, Ekta R. Dharia, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Kamaladoss Selvam, proceeding <u>pro se</u>, appeals from a judgment of the United States District Court for the Eastern District of New York (Kovner, <u>J.</u>) dismissing his complaint against the United States, Patrick Connor (an agent for

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

the United States Food and Drug Administration (the "FDA")), and "unknown" federal employees.[1] Selvam brought this action under 42 U.S.C. § 1983, Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, alleging, among other things, that Agent Connor made false statements in a warrant affidavit that led to Selvam's arrest. After the District Court granted the defendant-appellees' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Selvam appealed. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo a district court's dismissal of a complaint under Rule 12(b)(6), accepting as true all factual allegations and drawing all reasonable inferences in the plaintiff's favor. Dolan v. Connolly, 794 F.3d 290, 293 (2d Cir. 2015). We also "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017)

---

[1] Selvam also sued the FDA, but in the proceedings below the FDA was dismissed as a defendant and Selvam did not object.

(quotation marks omitted).  Pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which requires that their briefs "provide the court with a clear statement of the issues on appeal."  Moates v. Barkley, 147 F.3d 207, 209 (2d Cir. 1998).  So while "pro se litigants are afforded some latitude in meeting the rules governing litigation," we "need not, and normally will not, decide issues that a party fails to raise in his or her appellate brief."  Id.

On appeal, Selvam expressly waives his false arrest, false imprisonment, and equal protection claims against Agent Connor, as well as his false arrest, false imprisonment, and negligence claims against the United States.  Selvam also makes conclusory arguments with respect to several other claims contained in the complaint, including his claims against Agent Connor for fabrication of evidence, "physical pain and suffering," negligence, gross negligence, "future loss of income and medical expenses" and his claims against the United States for negligent and intentional infliction of emotional distress.[2]  "It is well-

---

[2] Selvam cannot rely on § 1983 to bring an action against Agent Connor.  "An action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers."  Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.4 (2d Cir. 1991).  We nevertheless construe his claims brought under § 1983 as proceeding under Bivens.  See Daloia v. Rose, 849 F.2d 74, 75 (2d Cir. 1988).

established that an argument not raised on appeal is deemed abandoned."

United States v. Black, 918 F.3d 243, 256 (2d Cir. 2019) (quotation marks omitted). Because Selvam's brief lacks any argument as to those claims, we affirm their dismissal by the District Court. See Moates, 147 F.3d at 209.

As to two of his remaining claims against Agent Connor, Selvam cannot rely on Bivens to provide a cause of action. First Amendment retaliation claims cannot proceed under Bivens. See Egbert v. Boule, 142 S. Ct. 1793, 1807 (2022). And Selvam's intentional infliction of emotional distress claim against Agent Connor fails because he does not allege a constitutional violation—a prerequisite for a Bivens claim, which is the only cause of action that Selvam can even plausibly invoke. See Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006) ("A plaintiff bringing a claim under Bivens must allege that he has been deprived of a constitutional right . . . ."); Tierney v. Davidson, 133 F.3d 189, 199 n.7 (2d Cir. 1998) ("Plaintiffs assert an emotional distress claim . . . but such a claim would give rise only to a common law tort, not to a constitutional violation.").

Whether a claim for malicious prosecution can proceed under Bivens is an open question in this Circuit. We need not decide that today, because even

5

assuming for the sake of argument that such a claim can proceed, Selvam's malicious prosecution claim against Agent Connor cannot survive dismissal. Government officials are entitled to qualified immunity when the challenged action was "objectively legally reasonable," Manganiello v. City of New York, 612 F.3d 149, 164 (2d Cir. 2010) (quotation marks omitted), and a search under "a warrant issued by a judicial officer upon a finding of probable cause is presumptively reasonable," Ganek v. Leibowitz, 874 F.3d 73, 81 (2d Cir. 2017) (quotation marks omitted). Here, Selvam was arrested pursuant to a warrant signed by a magistrate judge. Even accepting Selvam's factual allegations as true, he presents no credible reason for us to conclude that Agent Connor's reliance on the warrant was unreasonable. Therefore, Agent Connor is entitled to qualified immunity, and the Bivens claim was properly dismissed.

Selvam's malicious prosecution claim against the United States under the FTCA also cannot survive dismissal. "[T]he extent of the United States' liability under the FTCA is generally determined by reference to state law." Molzof v. United States, 502 U.S. 301, 305 (1992). To establish a claim for malicious prosecution under New York law, a plaintiff must show "(1) the commencement

6

or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice." Dufort v. City of New York, 874 F.3d 338, 350 (2d Cir. 2017); see also 28 U.S.C. § 1346(b)(1) (permitting suit against the United States for torts committed by federal employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). The existence of probable cause is a complete defense to malicious prosecution claims in New York. See Dufort, 874 F.3d at 351. Substantially for the reasons provided by the District Court, we conclude that Selvam's allegations fail to plausibly establish the absence of probable cause. Selvam's malicious prosecution claims therefore fail as a matter of law. See Fabrikant v. French, 691 F.3d 193, 216 (2d Cir. 2012).

Finally, the District Court correctly concluded that Selvam's complaint does not adequately state a due process claim against Agent Connor. Selvam relies largely on labels and conclusions rather than factual allegations that might support his claim of a due process violation. "While a complaint attacked by a

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). For that reason, we conclude, dismissal of the due process claim was appropriate.

We have considered Selvam's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Selvam also moved for a default judgment against the "unknown defendants." The motion is DENIED, as Selvam never raised the issue before the District Court and we "[g]enerally . . . do[] not consider an issue not passed upon below." Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores, 54 F.3d 69, 73 (2d Cir. 1995) (quotation marks omitted); see also Greathouse v. JHS Sec. Inc., 784 F.3d 105, 116 (2d Cir. 2015) ("The decision whether to enter default judgment is committed to the district court's discretion . . . .").